G. H. CRAIG v. BENEDICTINE SISTERS HOSPITAL ASSOCIATION.[1]

February 13, 1903.

Nos. 13,285—(239).

## Negligence of Charitable Corporation.

Whether a corporation organized for purely charitable purposes, and dependent upon voluntary contributions for its support, is liable in damages for the negligence of its officers and servants, quære?

## Cases Followed.

Gould v. Fuller, 79 Minn. 414, and other similar cases to the effect that the articles of incorporation are the sole guide in determining the nature and character of a corporation, followed.

## Articles of Incorporation—Evidence to Contradict.

Defendant was incorporated under the provisions of G. S. 1894, c. 34, tit. 2, providing for the formation of corporations for a pecuniary profit, and, upon the face of its articles of association, appeared to be an ordinary business corporation. It is *held* that evidence offered for the purpose of showing that it was in fact a charitable association, and not what its articles purported to make it, was incompetent and inadmissible.

## Expert Evidence.

The charge of negligence relied upon in the complaint being in part the alleged improper construction of an elevator used in defendant's building in carrying persons and freight to and from different floors of the building, the question whether the same was properly constructed is *held* a proper subject for expert testimony.

## Contributory Negligence.

The trial court charged the jury on the subject of the contributory negligence of plaintiff's intestate, "If [deceased] was negligent in any degree,—even the slightest degree,—and his negligence contributed in the slightest degree to his death, then the plaintiff cannot recover," *held* erroneous. The question of contributory negligence in any case of this kind is to be determined by the rule of ordinary care and prudence.

Action in the district court for St. Louis county, by plaintiff, as administrator of the estate of Leslie J. Craig, deceased, to re-

[1] Reported in 93 N. W. 669.

cover $5,000 for the death of decedent. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*John A. Keyes,* for appellant.
*Baldwin & Baldwin,* for respondent.

BROWN, J.

Action to recover damages for the death of plaintiff's intestate, caused, as he alleges, by the negligence of defendant. Defendant had a verdict in the court below, and plaintiff appealed from an order denying his motion for a new trial.

The facts in the case are substantially as follows: Defendant is a corporation organized under the provisions of G. S. 1894, c. 34, tit. 2, and owned and operated a hospital at the city of Duluth; the building occupied by it being a four-story structure, and equipped with a passenger and freight elevator for convenience in carrying patients to and from the different floors of the building. Plaintiff's intestate, a boy of ten and a half years of age, had been taken to the hospital some time previous to the day of the accident complained of, for an operation, but had entirely recovered therefrom, and was to return to his home on the afternoon of that day. He was a bright, intelligent boy, active, full of life, and had been during the day riding up and down the elevator for amusement. Defendant had employed and placed in charge of the elevator a young man sixteen years of age, but who had but little previous experience. The elevator shaft was entirely enclosed on three sides by heavy brick walls, and on the fourth by double doors of the width of about five feet. The elevator car was not provided with doors. Doors permitting ingress and egress were hung upon the outer wall of the shaft, and opened outwardly, leaving when closed a space between them and the car of about fourteen inches, the thickness of the wall surrounding the shaft; or, as it might be otherwise expressed, there was a door-sill of that width between the door and the car. At the time in question, plaintiff's intestate entered the elevator at the basement floor, but gave no direction to the operator as to his intended destination; nor did he request the

operator to stop at any particular floor. As the elevator proceeded upward at the ordinary rate of speed, and just as it reached the fourth floor, deceased remarked that he did not want to go to the fifth floor, and almost immediately stepped out of the cage onto the doorsill,—the car still in motion,—and was by some means precipitated to the bottom of the shaft and killed. He must have been aware of the fact that the doors to the elevator shaft were closed, and his act in attempting to leave the elevator while in motion was deliberate and with full notice of his surroundings. As he stepped from the elevator onto the doorsill, the operator, noticing his peril, immediately attempted to rescue and save him from injury, but was unable to do so. He did not, however, stop the elevator until he had nearly reached the fifth floor. This action was brought by the father to recover for the death of the boy, upon the ground of negligence on the part of defendant in respect to the construction of the elevator shaft and the negligence and incompetency of the operator.

A large number of assignments of error are presented in the brief of appellant, but we need not consider them all. Only three propositions are necessary to be passed upon:

1. Whether the evidence tending to show that defendant is a charitable corporation, and therefore not liable for negligence of its officers and servants, was admissible.

2. Whether it was competent for plaintiff to prove by expert testimony that the elevator shaft was improperly constructed; and

3. Whether the court erred in instructing the jury on the subject of the contributory negligence of the deceased. As stated, other errors are assigned and argued in the briefs of counsel, but they are not likely to occur on another trial, and we shall not extend this opinion by their discussion. The evidence was sufficient to take the case to the jury on the question of defendant's negligence in the respects alleged in the complaint, and we pass to a consideration of the questions necessary for our decision.

1. Defendant was incorporated under the provisions of G. S. 1894, c. 34, tit. 2. Its articles of incorporation, which are in compliance with the provisions of that statute, provide that the

nature of the business of the corporation is to establish, erect, own, maintain, and conduct hospitals, orphanages, homes for the aged, and other similar institutions, throughout the state; provide for a capital stock of $100,000, and limit the amount of indebtedness to $100,000; provide for a board of directors to manage its affairs, to be elected from and by the stockholders; and, upon their face, show that it was organized as an ordinary business corporation.

At the trial, evidence was offered to show that it is in fact a charitable association; that patients are received at its hospitals, cared for, and treated, without charge to those who are unable to pay, though a reasonable charge is made to those who are able to pay; that no capital stock was ever in fact issued; and that the corporation depends almost wholly for its support upon contributions from charitably disposed persons. The evidence was objected to by plaintiff, but the court received it, and this ruling is assigned as error. The theory of counsel in offering this evidence was that charitable associations of the character of that claimed for defendant are not liable in damages for the negligence of their officers. It is unnecessary to consider this question of law. Some of the authorities cited in support of the contention seem to sustain it, but, whether corporations organized for purely charitable purposes are so liable or not, the fact remains that defendant, upon the face of its articles, was not a charitable association.

We have held in several cases that the nature and character of a corporation must be determined from its articles of association, and that its character cannot be changed or modified by parol evidence that it was not in fact such a corporation as its articles purport to make it; that, in determining the character of corporations, the articles of association are the sole guide. Gould v. Fuller, 79 Minn. 414, 82 N. W. 673. We are unable to distinguish that and other similar cases from the case at bar. The liability sought to be enforced in the case just cited arose out of contract. That sought to be enforced in the case at bar arises from the alleged negligence of defendant and its officers. Logically, there can be no difference between the cases; and, if in the Fuller case

it was incompetent to vary the character of the corporation by parol evidence, it is equally so here. To be consistent, we must hold that as it appears from its articles of association that defendant is an ordinary business corporation, formed under G. S. 1894, c. 34, tit. 2, its nature and character cannot be shown to be different by parol evidence. It is possible that a purely charitable corporation might be formed under the provisions of this statute, but the several sections of that title apparently provide for the formation of corporations for pecuniary profit only, while title 3 provides for charitable and other corporations not formed for that purpose. It follows that the evidence was improperly received. Though whether defendant was a charitable corporation was not submitted to the jury to determine, still the evidence was received, and naturally would tend to influence their judgment on the merits of the case.

2. Plaintiff offered in evidence the testimony of certain witnesses, who qualified as experts, for the purpose of showing that the elevator was not properly constructed. The evidence was excluded by the trial court, and we think that in this also the court erred. We held in the case of Nutzmann v. Germania Life Ins. Co., 78 Minn. 504, 81 N. W. 518, that the manner of operating an hydraulic pressure elevator, and the training, skill, and experience needed by an operator, are not matters of such common knowledge as to preclude the giving of expert testimony on the subject. If the manner of operating an elevator, and the training, skill, and experience required of the operator, are proper subjects for expert testimony, we cannot see why such evidence is not competent upon the question whether an elevator was properly constructed. We apply the rule of the case just cited, and hold that the court below should have received this evidence.

3. We come next to the assignment of error in respect to the charge of the court on the subject of the contributory negligence of deceased. The court charged the jury as follows:

"If Leslie J. Craig [deceased] was negligent in any degree,— even the slightest degree,—and his negligence contributed in the slightest degree to his death, then the plaintiff cannot recover, and you must return a verdict for the defendant."

It is conceded by counsel for defendant that this instruction, standing alone, is not an accurate statement of the law; but it is urged that, taken in connection with the whole charge of the court, no prejudice resulted to plaintiff. The instruction is in the language of a request made by defendant, which the learned judge below, without due reflection, undoubtedly accepted as a correct statement. The rule of care necessary to be exercised to excuse one from a charge of contributory negligence is the same as that necessary to charge one with negligence. It is such care as a person of ordinary prudence would exercise under the same or similar circumstances, and this rule should have been applied to plaintiff's intestate. If he was guilty of a want of ordinary care in attempting to leave the elevator while the same was in motion, and without requesting the operator thereof to stop it, plaintiff cannot recover; but if the jury find, taking into consideration the age of the deceased and all the circumstances shown, that he was not guilty of a failure to exercise ordinary care and prudence, then he was not guilty of contributory negligence.

The instruction given goes far beyond this rule, and makes the slightest want of care contributory negligence precluding a recovery. It is not in accordance with the law on the subject, and this, as stated, is conceded by counsel for defendant; but it is urged that the whole charge of the court sufficiently cleared the matter up, and gave the proper rule to the jury. We have examined the charge with care, and are unable to concur in this view. Some portions of the instructions of the court state with accuracy the rule of care necessary to relieve deceased of the charge of contributory negligence, but this particular instruction was emphasized by its statement at least twice, and was undoubtedly impressed upon the jury as the final test on that question.

Justice COLLINS and the writer are of opinion that the deceased was guilty of contributory negligence, as a matter of law, precluding a recovery in this action. But our Brethren hold that the evidence and circumstances shown in the case present a question for the jury to determine.

Order reversed and a new trial granted.