FERN PFISTER, Appellant *v.* GORDON G. SHELTON, WESTERNER CLUB, a Copartnership, CATHERINE HORDEN, and E. GEORGETTI, Respondents.

No. 3706

November 24, 1952.                  250 P.2d 239.

*L. O. Hawkins* and *Gordon L. Hawkins,* of Las Vegas, for Appellant.

*Morse & Graves,* of Las Vegas, for Respondent Gordon G. Shelton.

*Taylor & Gubler,* of Las Vegas, for Respondents Westerner Club, a copartnership, Catherine Horden, and E. Georgetti.

## OPINION

By the Court, MERRILL, J.:

This is an action brought by appellant as plaintiff for personal injuries resulting from negligence. The verdict of the jury and judgment of the court below were for respondents, defendants below. This appeal is from that judgment and from order of the trial court denying motion for new trial.

The errors assigned all relate to instructions given to the jury by the trial court. Many separate points are raised in an effort to show that certain instructions do not properly state the law or might tend to mislead or confuse the jury. We need not discuss these points separately or specifically. A general disposition can be made on the basis that upon the record before us it is impossible to ascertain that any error which may have been committed was prejudicial to the substantial rights of the appellant. The bill of exceptions before us contains no record or statement of the evidence upon the basis of which the jury's verdict was rendered.

Of the points raised the most serious (and which we therefore use as exemplary of our disposition of all points presented) relates to an asserted conflict between two instructions dealing with matters of the preponderance of the evidence and burden of proof with respect to the defense of contributory negligence. It is contended that one instruction properly but incompletely states the law; that the other erroneously states the law contrary to the statement contained in the first; that this conflict must necessarily have confused and misled the jury.

It has frequently been stated that "a judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice." Shuey v. Asbury, 5 Cal. 2d 712, 55 P.2d 1160, 1161; Wood v. Moore, 64 Cal.App.

2d 144, 148 P.2d 91; Hilbert v. Olney, 17 Cal.App.2d 135, 61 P.2d 941.

It appears from the pleadings that the asserted negligence of the respondents (as a result of which appellant alleged that she fell and was injured) consisted in their failure to remove from a pedestrian walk abutting a construction area "small particles and pieces of rock, gravel or grains of sand or similar debris." Respondents denied negligence and further asserted that the walk in question was barricaded and that appellant knowingly had crossed the barricade in order to obtain access to the walk. In the absence of the evidence, the very nature of the alleged negligence and of the affirmative defense thereto renders it impossible for us to state that the asserted error (if, indeed, it were error) resulted in the misleading of the jury upon a material and substantial point and was prejudicial.

It is entirely possible that the evidence was clear to the effect that respondents were not themselves negligent; in which event error relating to an instruction upon contributory negligence could not conceivably have been prejudicial. It is entirely possible that, even were contributory negligence a factor in the jury's decision, the evidence upon that point rendered the case so clear as to eliminate any need to resort to a determination of questions bearing upon the preponderance of the evidence or burden of proof. See: Wood v. Moore, supra. These are possibilities which, in the light of the pleadings, cannot be dismissed as improbable or remote. In the absence of any showing as to the existence or degree of conflict in the evidence upon these essential issues, it is impossible for us to determine prejudice. Cf. Mikulich v. Carner, 69 Nev. 50, 240 P.2d 873; State v. Kassabian, 69 Nev. 146, 243 P.2d 264. Nor, we feel, may prejudice be presumed.

Such a presumption may be proper in cases where the record of the evidence discloses that "the erroneous

ruling may have affected the verdict." People v. Bonier, 179 N.Y. 315, 72 N.E. 226, 229, 103 Am.St.Rep. 880; See: 3 Am.Jur. 493, Appeal and Error, sec. 926. A presumption of prejudice, however, in our view should not be called blindly to stand in place of a missing record which, if before us, might well speak to the contrary. Ross v. Kay Copper Co., 20 Ariz. 576, 184 P. 978; Town of Leroy v. M'Connell, 8 Kan. 273; Morgan v. Bankers Trust Co., 63 Wash. 476, 115 P. 1047; Wood v. Wood, 25 Wyo. 26, 164 P. 844. We therefore hold that reversible error has not been demonstrated by appellant.

The judgment and order of the trial court are affirmed with costs.

BADT, C. J., and EATHER, J., concur.