MILTON EARL LEE, APPELLANT, v. ALMA L. BAKER, AS THE ADMINISTRATRIX OF THE ESTATE OF ROBERT E. BAKER, DECEASED, AND ALMA L. BAKER AND MARVA L. McKENNA, RESPONDENTS.

No. 4396

November 29, 1961              366 P.2d 513

(Rehearing denied January 4, 1962.)

*Vargas, Dillon & Bartlett,* of Reno, for Appellant.

*Harry A. Busscher* and *Richard C. Minor,* of Reno, and *Goldstein, Barceloux & Goldstein,* of Chico, California, for Respondents.

## OPINION

By the Court, McNAMEE, J.:

The complaint in this case contains five causes of action resulting from an automobile accident involving two cars, one driven by Robert E. Baker and the other by Milton Earl Lee.

As a result of the accident, Robert E. Baker, his wife Alma L. Baker, and their daughter Marva L. McKenna sustained personal injuries, and Robert E. Baker sustained property damage to his automobile. Before suit was commenced, Robert E. Baker died from a cause unconnected with the accident. As administratrix of his estate Alma L. Baker sues in the first cause of action for her husband's personal injuries, his loss of earnings, and his medical expenses. In the second cause of action, as said administratrix, she sues for damage to the automobile and for loss of use thereof. The third cause of

action is by Alma L. Baker on her own behalf for her own personal injuries in the sum of $10,000, plus certain special damages. The fourth cause of action is by Alma L. Baker on her own behalf for loss of consortium. The fifth cause of action is by Marva L. McKenna for her own personal injuries and medical expenses.

The answer denies defendant's negligence and as affirmative defenses alleges that the negligence of Robert E. Baker was the sole cause of the accident and as a separate affirmative defense alleges contributory negligence on the part of Robert E. Baker which is imputable to Alma L. Baker and Marva L. McKenna, and further alleges that all plaintiffs were guilty of contributory negligence. The answer, in addition, contains a counterclaim for damage to defendant's automobile.

After a trial by jury, verdict was rendered awarding Alma L. Baker as administratrix the sum of $1,075 for damages to the automobile and for loss of use thereof; to Alma L. Baker individually $15,000 for her personal injuries; and to Marva L. McKenna $2,500 for her personal injuries. A separate verdict found in favor of the defendant against Alma L. Baker as administratrix with respect to the claim for the personal injuries of Robert E. Baker.

Judgment was entered accordingly. A motion was made by defendant to set aside the judgment and for a new trial, which was denied.

We are now concerned only with the appeal from the verdict and judgment and from the order denying said motion.

There is substantial evidence in the record to justify the jury in finding the appellant was negligent in driving at an excessive rate of speed at the time of the collision. Also there was evidence which would warrant a conclusion that Robert E. Baker was negligent in failing to yield the right of way when he entered the highway from a side road into the path of the oncoming vehicle. If appellant was negligent and his negligence was the proximate cause of the accident and no negligence of Robert E. Baker contributed thereto, respondent Alma

L. Baker as administratrix was entitled to recover on both the first and second causes of action. The jury was so instructed.

On the other hand, if appellant was not negligent, or if he was negligent but such negligence was not a proximate cause of the accident, or even if such negligence was a cause of the accident, and if Robert E. Baker was contributorially negligent and his negligence was also a proximate cause of the accident, Alma L. Baker as administratrix was not entitled to recover on either the first or second cause of action. The jury was instructed in this respect also.

One of appellant's grounds on his motion for new trial was: "that there was manifest disregard by the jury of the instructions of the court."

The action of the jury in denying damages to Alma L. Baker as administratrix for her husband's personal injuries, which concededly were severe, and awarding her $1,075 as administratrix for the damages to and loss of use of his property, is in disregard of the court's instructions, clearly inconsistent, and erroneous.

The jury properly was instructed that any negligence of Robert E. Baker was not imputable to his wife or daughter.[1] Therefore, a verdict in their favor for their own personal injuries could be upheld, in the absence of prejudicial error which would require a reversal of the judgments in their favor, regardless of any negligence on the part of Robert E. Baker, if defendant's negligence was a proximate cause of the accident.

As heretofore noted, the third cause of action alleges damages in the sum of $10,000 for personal injuries to Alma L. Baker. The jury in its verdict awarded her $15,000 individually "for her own personal injuries" which is $5,000 more than the damages for personal injuries she is alleged to have suffered. Appellant contends this constitutes error, and one of the grounds upon

---

[1]See F. & W. Construction Co. v. Boyd, 60 Nev. 117, 102 P.2d 627.

which his motion for new trial is based is "excessive damages appearing to have been given under the influence of passion or prejudice." Because of the prejudicial error hereinafter discussed, it is unnecessary for us to consider this assertion further.

The evidence of negligence, lack of negligence, and proximate cause, with respect to both Robert E. Baker and Milton Earl Lee, was conflicting in several of its aspects and, as heretofore stated, there was evidence for and against a finding on each of these issues. Under such circumstances a careful perusal of the record becomes necessary to ascertain if any evidence relative to these issues was improperly admitted over objection.

Exhibit Z, a diagram of the accident prepared by one Cook, a police officer, who was unavailable to testify at the trial, was received in evidence over the objection of appellant. Objection was on the grounds that it was hearsay and that it was "subject to different interpretations which would require the testimony of the person who made it to properly explain it."

This exhibit tended to show that the Lee car, not only after Lee applied his brakes but also after impact, traveled a great deal farther in distance than other evidence would indicate.

Cook had arrived at the scene some time after the accident. One Garrison who arrived about three to five minutes after the accident testified that the Lee vehicle could have been moved before he arrived. Exhibit Z shows Cook's conclusion of the location of the point of contact and delineates a distance therefrom of 11″ 19″ to where the Baker car came to rest after impact, which was interpreted by another witness to mean 11 feet 19 inches.

Respondents contend that Exhibit Z was properly admissible as a public record under NRS 49.050.[2]

[2]NRS 49.050 *Public records of this state and United States; original or copies received in evidence.* The original, or a microfilm or photostatic copy, or a copy of any record, other than a judicial record, document or paper in the custody of a public officer of this state, or of the United States, certified under the official

In the final arguments to the jury respondents' counsel in referring to Exhibit Z stated: "Elaine Sarnowski was the next witness and she presented the official record from the Sheriff's Department of Mineral County; read certain parts of that record, and that record is in evidence. It is the official record of the County, and has been accepted as the record of the accident and what happened."

Exhibit Z was an original accident report. It was not certified as such under seal as required by the statute, but such failure to comply with the statute was not specified as a ground of objection.

Although there is substantial authority that such records and particularly the conclusions contained therein are not admissible in evidence as the "public records" contemplated by such a statute,[3] it is unnecessary to determine at this time the admissibility of police reports as such.

This exhibit made by a person who did not witness the accident, containing conclusions of the maker as to the route of the two cars prior to impact, the point of impact, and the course taken by the cars after impact, supplemented in part by unintelligible and estimated distances, could have been substantially impeached if the maker had been subject to cross-examination.

The conclusions therein are in contradiction to the appellant's contention that he was not negligent, and because of the sharp conflict in the evidence relating to negligence and proximate cause its admission is not the

seal of such officer to be the original or to be a photostat or microfilm, or to be a true, full and correct copy, of the original in his custody, may be received in evidence in any action or proceeding in the courts of this state, in like manner and with the like effect as the original could be if produced. A public record or document in the custody of a public officer of this state, in a public office, may be proved and admitted in evidence in any court by the certificate of the legal keeper or custodian thereof that it is genuine and authentic, and by his seal, if there be one annexed.

[3] 30 Texas Law Review 112–113 (1951) ; Annot. 69 A.L.R.2d 1148, 1151 (1960).

harmless error referred to in Rule 61 NRCP[4] but is so prejudicial to appellant as to be inconsistent with substantial justice and to necessitate a new trial.[5]

The record discloses instructions which are inconsistent (pertaining to the effect of a violation of a statute, and relating to imputable negligence), contrary to fact (advising the jury that there are only two plaintiffs when in fact there are three), and erroneous (stating that even if Robert E. Baker was negligent, "you must fix the amount of each plaintiff's damages and return a verdict in their favor"), but no objection was made to these instructions. We mention them merely to point out such instructions could have contributed substantially to the jury's obvious inconsistency and confusion.

In view of our disposition of this appeal further consideration of assigned errors is unnecessary.

Reversed and remanded for a new trial.

BADT, C. J., concurs.

THOMPSON, J., concurring:

I agree with the result. However, I would limit discussion to appellant's assignment of error regarding the inadmissibility of Exhibit "Z", and the prejudice resulting from its admission into evidence. In my judgment, had the record on appeal been otherwise without error,

---

[4]Rule 61. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

[5]"Specific determinations as to errors in the admission of evidence in a jury case which have been regarded as harmless are seldom of value as precedents. This is obvious. There are a few general principles, such as that the error will be treated as harmless where the evidence was not objected to, or where the error was invited by the party now complaining of it, or where the testimony merely supported a proposition true as a matter of law. But beyond such generalities, the harm that may result from a particular error is dependent upon the facts of the particular case. In another setting the same error might have an entirely different influence on the decision." 3 Barron and Holtzoff, sec. 1353, pp. 444–445.

the admission of Exhibit "Z" would, of itself, require a reversal and new trial.

As heretofore indicated, Exhibit "Z" is a diagram of the T-intersection where the collision occurred. It purports to show the direction of the two cars before collision, the point of impact, the length and direction of tire marks on the highway, and the place where the cars came to rest following collision. The exhibit was at variance with another diagram of the area, properly received in evidence, and also at variance with some of the oral testimony given. The exhibit was prepared by a deputy sheriff who did not observe the accident, but investigated soon after it occurred. At the time of trial, that deputy was no longer employed. It was represented that he was then living in Arizona and not available to testify. His deposition had not been obtained.

The exhibit was offered for introduction through another deputy, who declared only that she kept the records of the sheriff's office. No foundation was established in an attempt to admit the exhibit as either a business record, NRS 51.030, or as a public record, NRS 49.050. Whether the exhibit would have been properly admitted under either statute, had a proper foundation been established, is not before us for determination. When offered, objection was interposed upon the ground of hearsay. Clearly the diagram is hearsay. It was offered for the purpose of proving, or at least tending to prove, the truth and accuracy of the matters depicted thereon. It was, therefore, not admissible in the absence of an exception to the hearsay rule permitting its introduction. I find no such exception in this case.

Accordingly, the question is squarely presented whether the error committed by receiving said exhibit in evidence is harmless within the meaning of NRCP 61, or of such importance as to require reversal and new trial.

I find no substantial difference between NRCP 61, effective January 1, 1953, and the prior law, NCL 8622. In each instance it appears that the court, on review, is granted an opportunity to search the record as a whole, and exercise a judicial discretion in deciding whether

the error assigned is harmless or reversible in nature. Though this be so, the discretion thus granted may not be arbitrarily or capriciously exercised and should "be *guided* by such applicable legal principles as may have become recognized as proper in determining the course of justice." Goodman v. Goodman, 68 Nev. 484, 489, 236 P.2d 305, 307.

It is my belief that this court has announced, from time to time, certain guides for the exercise of judicial discretion on review, insofar as the admission or exclusion of evidence in *civil* cases is concerned. I shall mention some of them:

1. In a trial before a *court* it will probably be held that the reception of incompetent evidence was not considered in arriving at a decision, if there is competent evidence to support such decision. Duplantis v. Duplantis, 50 Nev. 234, 255 P. 1014; Rehling v. Brainard, 38 Nev. 16, 22, 144 P. 167, 169.

2. In a trial before a *court,* if the evidence offered and received, though perhaps erroneously, is *cumulative* in nature, so that it could not be said that the trial judge based his decision upon it, it will probably be considered harmless error. Backer v. Gowen, 73 Nev. 34, 50, 307 P.2d 765, 773; cf. Florey v. Sinkey, 77 Nev. 275, 362 P.2d 271.

3. In a trial before a *jury,* if the evidence offered and *received* erroneously relates to an issue in the case, it will probably be considered prejudicial. McLeod v. Miller & Lux, 40 Nev. 447, 473, 153 P. 566, 569, 167 P. 27; Mikulich v. Carner, 69 Nev. 50, 65, 240 P.2d 873, 880, 38 A.L.R.2d 1; Las Vegas Sun v. Franklin, 74 Nev. 282, 294, 329 P.2d 867, 873.

4. In a trial before a *jury,* if the evidence offered and improperly *excluded,* relates to an issue in the case, the court's error will probably be considered prejudicial. Peterson v. Silver Peak, 37 Nev. 117, 138, 140 P. 519, 527; Henry v. Baber, 75 Nev. 59, 65, 334 P.2d 839, 842.

Undoubtedly, other guides have been announced from time to time. Absent NRCP 61, and before it NCL 8622, stare decisis might compel the reviewing court to decide according to case precedent. Because of the mentioned

rule and statute, such compulsion does not exist. However, the persuasive effect of case precedent as a *guide* cannot be denied.

In the case at bar, Exhibit "Z" cannot be labeled cumulative and therefore harmless. Cf. Backer v. Gowen, supra. To the contrary, it was in conflict with another diagram received in evidence and also with some oral testimony. It directly related to ultimate issues in the case, negligence and proximate cause. Of necessity, it contained the conclusions of its author, who was not subject to cross or any examination. It was referred to in jury argument as the official record of Mineral County and "has been accepted as the record of the accident and what happened." The guides heretofore mentioned indicate such error to be prejudicial in nature. McLeod v. Miller & Lux, supra; Mikulich v. Carner, supra; Las Vegas Sun v. Franklin, supra. In searching the entire record I find no circumstances to suggest a different result in this case.

A trial free from error is more likely to produce a just result than one in which error has occurred. To that end, this case should be tried anew.