## IWREY *v.* FOWLER.

1. APPEAL AND ERROR—CONFLICTING INSTRUCTIONS—PRESUMPTIONS.
   It is to be presumed that the jury has followed an erroneous instruction when it finds pursuant thereto, where conflicting instructions are given, one of which is erroneous.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTIONS.
   Instruction given in consolidated cases arising from collision between eastbound motorist who continued eastward from behind a left-turning eastbound motorist and collided with defendant's westbound left-turning car early in the afternoon in the fore part of December, whereby jury was told at different times that both plaintiffs and defendant had the burden of proof as to plaintiff driver's contributory negligence, *held,* reversible error, where trial court failed to withdraw, correct, or modify the instruction (Court Rule No 23, § 3a [1945]).

3. SAME—LEFT TURNS—NEGLIGENCE—INSTRUCTIONS.
   Instruction given in consolidated cases arising from collision of eastbound car and left-turning westbound car wherein the trial judge stated it made no "difference if the defendant is 99.9% guilty of negligence, if the plaintiff driver is 1/10 of 1%, or in any way guilty of negligence that contributed to the accident she cannot recover" *held,* erroneous, since jury might have interpreted it as barring recovery on the basis of negligence so slight as to be immaterial, or possibly on a finding of remote lack of due care as distinguished from negligence proximately contributing to the accident.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 6, 1962. (Docket Nos. 13, 14, Calendar Nos. 49,314, 49,315.) Decided September 7, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error § 949.
   53 Am Jur, Trial § 557.
[3] 38 Am Jur, Negligence §§ 367, 368.

Case by Sondra Iwrey against Ralph E. Fowler for personal injuries, and derivative suit by Seymour Iwrey for medical expense, resulting from automobile collision. Actions consolidated for trial and on appeal. Verdict and judgments for defendant. Plaintiffs appeal. Reversed and remanded for new trials.

*Goodman, Crockett, Eden, Robb & Philo* (*Dean Robb, Harry Philo,* and *Richard M. Goodman,* of counsel), for plaintiffs.

*Erickson, Dyll, Marentay & Slocum* (*Milo M. Rouse,* of counsel), for defendant.

CARR, C. J. These cases were instituted by the plaintiffs to recover on the basis of injuries sustained by Mrs. Sondra Iwrey in an automobile accident. West McNichols road in the city of Detroit runs in an east and west direction. Said thoroughfare has 2 lanes for traffic and 1 parking lane on each side of the center line. It intersects Glastonbury, which is a stop street.

The accident in question occurred on December 4, 1958, at approximately 1:30 p.m. At the time Mrs. Iwrey was driving her car in an easterly direction in the right driving lane for eastbound traffic on West McNichols. According to her testimony she was driving at a speed of approximately 30 miles per hour at all times preceding the collision. She saw defendant's car, but assumed that the driver would await her passage through the intersection.

Defendant drove west on West McNichols in the south lane of traffic thereon, intending to turn to his left at the street intersection. He testified in substance on the trial of the cases that he was proceeding at a rate of approximately 35 miles per hour as he approached the intersection but reduced his

speed to approximately 5 miles per hour, that he started to make the turn, that he observed an automobile coming from the west the driver of which indicated an intention to turn north on Glastonbury, that he did not see plaintiffs' car approaching, that he gave a signal for the making of the turn, and proceeded in a southerly direction. The result was that the right front of his car came in contact with the left front of plaintiffs' car, the course or speed of the latter vehicle not having been changed. As a result of the impact Mrs. Iwrey sustained injuries for which she seeks to recover damages in the instant case, and the other plaintiff brought his action for medical, nursing, household, and hospital expenses, and loss of time from his employment resulting from the care and treatment of his wife.

The cases were consolidated for trial before a jury, which returned verdicts in favor of the defendant. Plaintiffs' motion for a new trial was denied, and they have appealed, asserting that the trial judge committed prejudicial errors in his charge and that certain requests to charge submitted by counsel for plaintiffs were erroneously refused. They ask that the order of the trial court denying their motion be reversed and the cases remanded for retrials.

The first question presented relates to the charge of the trial judge on the matter of contributory negligence. Complaint is made of the following language therein:

"In all civil cases the burden of proof is upon the plaintiffs to establish 3 things by a preponderance of the evidence. The plaintiffs must establish first that the defendant was guilty of fault or negligence; second, that the negligence was a proximate cause of the accident, and third that they themselves were not guilty of contributory negligence. If you find that the plaintiffs have established that, and that

the defendant has failed to establish by a preponderance of the evidence that they were guilty of contributory negligence, then you would come to the question of damages."

Subsequently in the charge the judge specifically pointed out that the burden of proof on the issue of contributory negligence on the part of Mrs. Iwrey rested on the defendant.* It is argued that the charge quoted was erroneous as well as confusing to the jury, that at no time was the jury told to disregard it, and that no specific correction thereof was made. Counsel for appellants contend that the jury may have followed the erroneous statement, and that, because of the materiality of the question, prejudicial error occurred requiring reversal with a new trial. On behalf of defendant it is insisted that considering the charge in its entirety it may properly be assumed that the jury was not misled by the inadvertent language quoted.

The effect of inconsistent or contradictory statements, relating to a material issue, in instructions to the jury by the trial judge has been considered in a number of decisions of this Court. In *In re Bailey's Estate,* 186 Mich 677, 690, the trial judge, as it was claimed, made conflicting statements to the jury in a will contest with reference to the burden of proof relating to undue influence. In reversing the case and granting a new trial, it was said:

"When conflicting charges are given, one of which is erroneous, it is to be presumed that the jury may have followed that which was erroneous. *Grand Rapids & I. R. Co.* v. *Monroe,* 47 Mich 152, 154; *Madill* v. *Currie,* 168 Mich 546, 560."

The statement quoted was approved in *McGuire* v. *Rabaut,* 354 Mich 230, 237.

_____

* Michigan Court Rule No 23, § 3a, effective June 1, 1958 (352 Mich xiv).

In *White* v. *Huffmaster,* 321 Mich 225, the trial judge in charging the jury made inconsistent statements relating to the matter of imputed negligence. In discussing the claims of the parties, it was said (pp 233, 234):

"The trial court correctly told the jury that the negligence of plaintiff's driver could not be imputed to her. *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697); *Sedorchuk* v. *Weeder,* 311 Mich 6. However, in the course of the charge, he made the following statement which plaintiff's counsel insist was error:

" 'As a rule, the negligence of the driver of the motorcycle would not be imputable to the particular passenger riding on that motorcycle, but that is not necessarily a determination that that negligence is not imputable. In each case, it is for you to determine.'

"It is quite possible that the jury understood from this statement that it rested with them to say whether the negligence of plaintiff's driver, if he was negligent, might be imputed to her if the jury thought it proper to do so. This was clearly error. The character of the instructions to be given in a case of this nature was considered in *Sedorchuk* v. *Weeder, supra,* 11, 12, where it was said:

" 'The jury should be instructed that it should first determine whether defendant was guilty of negligence and whether such negligence was a proximate cause of the accident. If the jury should so find, then the negligence of plaintiff's driver has no bearing in the case.'

"It cannot be said that this erroneous instruction was cured by other statements in the charge. It was not withdrawn, nor did the court indicate that he wished the jury to understand that it was in any way corrected or modified. In *Pettersch* v. *Grand Rapids Gas Light Co.,* 245 Mich 277, 281 (28 NCCA 44), this Court quoted with approval the general rule on the subject of contradictory instructions as stated in 14 RCL, Instructions, § 45, pp 777, 778:

" 'Where instructions give to the jury contradictory and conflicting rules for their guidance, which are unexplained, and following either of which would or might lead to different results, then the instructions are inherently defective and erroneous. And that is true though one of the instructions correctly states the law as applicable to the facts of the case. The reason for this is that where the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be, where the two are repugnant. A further reason is that conflicting and contradictory instructions in effect leave the jury without instructions to guide them with reference to the law arising upon the evidence in the cause.'

"See, also, *Herzberg* v. *Knight,* 289 Mich 29; *Socony Vacuum Oil Co.* v. *Marvin,* 313 Mich 528. It cannot be said in the instant case that the jury did not follow the erroneous instructions. It must be held, in consequence, that the giving of such instructions constituted prejudicial error."

We think that the rule applied in the decisions above cited must be applied in the case at bar. It cannot be affirmatively said that the jury could not have been misled to the prejudice of plaintiffs by the language above quoted from the charge. It follows that the judgments entered must be reversed and new trials granted to the appellants. It is obvious from the record that the issue of alleged contributory negligence on the part of Mrs. Iwrey was material.

Complaint is also made with reference to the following statement in the charge, likewise bearing on the question as to the contributory negligence of Mrs. Iwrey:

"Under our law it does not make any difference if the defendant is 99.9% guilty of negligence, if the plaintiff driver is 1-10th of 1%, or in any way guilty of negligence that contributed to the accident she can not recover."

It is insisted that said statement might have been interpreted by the jurors as barring recovery on the basis of negligence so slight as to be immaterial, or possibly on a finding of remote lack of due care as distinguished from negligence proximately contributing to the accident. That the instruction might have been so construed is possible. The specific reference to stated percentages might well have been confusing.

Except in the respects noted, the instructions to the jury fully and fairly submitted the issues in the cases and the claims of the parties with reference thereto. Certain of plaintiffs' requests to charge were argumentative in form and assumed, as proved, facts that were in dispute. Otherwise the subject matter of the requests was sufficiently covered in the charge as given. We find no error prejudicial to plaintiffs other than as above noted.

For the reasons stated the cases are reversed and remanded for new trials.

Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.