EDWIN W. DRISCOLL, APPELLANT, *v.* LOUIS ERRE– GUIBLE, DOING BUSINESS AS LOUIS' BASQUE CORNER, RESPONDENT.

No. 6274

March 3, 1971                    482 P.2d 291

[Rehearing denied April 28, 1971]

*Sidney W. Robinson* and *Frank Cassas,* of Reno, for Appellant.

*Leslie A. Leggett,* of Reno, for Respondent.

# OPINION

By the Court, GUNDERSON, J.:

Appellant Driscoll seeks reversal of a judgment entered upon a jury verdict, denying him recovery for injuries allegedly sustained when he slipped and fell in premises where respondent Erreguible conducts his business. We reverse the judgment, and remand the cause for a new trial, having determined that the lower court erred when it gave the jury a certain supplemental instruction on respondent's defense of contributory negligence, and that, upon consideration of the record on appeal and of the manner the record was brought to us, this error should not be deemed harmless.

The case was submitted to the jury with instructions commonly used in this type of case.[1] After the jury had thus been instructed, and during their deliberations, the jury sent a written inquiry to the judge: "If the plaintiff contributed in any

---

[1] "To establish the defense of contributory negligence, the burden is upon the defendant to prove by a preponderance of evidence that the plaintiff was negligent, and that such negligence contributed in some degree as a proximate cause of the injury." Instruction No. 10.

"The proximate cause of an injury is that cause which, in natural and continuous sequences, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. In these instructions when I use the expression 'efficient cause,' that term means the cause that produced the result complained of." Instruction No. 17.

"Contributory negligence is negligence on the part of a person injured which, cooperating in some degree with the negligence of another, helps in proximately causing the injury of which the former thereafter complains." Instruction No. 18.

way to negligence, does that absolve the defendant of any liability whatsoever. . . ?" Over objection by appellant's counsel, the court instructed the jury in part: "Contributory negligence is negligence on the part of a person injured, cooperating in some degree with the negligence of another and acts in some degree, *however slight,* in proximately causing the injury in which the former thereafter complains." (Emphasis added.) The jury returned to its deliberations and shortly thereafter rendered its verdict in favor of Erreguible.

In designating the record on appeal, as required by NRCP 75(a), appellant's counsel did not designate a trial transcript.[2] However, subsequently they did file a Statement of Points, in attempted compliance with NRCP 75(d).[3] This Statement of Points recited that appellant sought determination of a single legal issue, to wit: "Did the District Court improperly instruct the jury that contributory negligence on the part of the plaintiff was negligence 'however slight'." A counterdesignation of the trial transcript having been made by respondent under NRCP 75(a), appellant's counsel directed a letter to the clerk of the lower court, with a copy to respondent's counsel, requesting that the clerk transmit to this court a partial record on appeal, and evincing a willingness to pay for the trial transcript if, but only if, this should be determined to be appellant's responsibility.[4]

Six days later, respondent moved the lower court for an

---

[2]"(a) *Designation of Contents of Record on Appeal.* Promptly after an appeal is taken, the appellant shall serve upon the respondent and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, unless the respondent has already served and filed a designation. Within 10 days after the service and filing of such a designation, any other party to the appeal may serve and file a designation of additional portions of the record, proceedings, and evidence to be included. If the respondent files the original designation, the parties shall proceed under subdivision (b) of this rule as if the respondent were the appellant."

[3]"(d) *Statement of Points.* No assignment of errors is necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

[4]The text of this letter was as follows: "With reference to the above case, this will serve as authority to transmit to the Clerk of the Supreme Court a partial Record on Appeal to consist of all matters which are to be included in the record as designated by the plaintiff.

"This will further advise, and you will note from the file, that the transcript of the proceedings was not designated for inclusion in the record by the plaintiff. However, the transcript was designated by the defendant. A legal question arises in this context as to who is legally

order dismissing the appeal, "or in the alternative to require appellant to supply at his expense a copy of the reporter's transcript to be included in the record on appeal, as well as to furnish a copy thereof to counsel for respondent." Before this motion could be heard, the appeal was docketed in this court on the original papers pursuant to NRCP 75(i); whereupon, respondent filed a Motion to Dismiss Appeal in this court, grounded on appellant's supposed obligation to serve "a copy of the reporter's transcript of all the evidence and proceedings of the entire trial." In reply to respondent's motion appellant contended, with some cogency and on the basis of respectable authority, that appellant should be required to include the additional portion of the record designated by respondent only if respondent could contend "in good faith" that this was necessary, and that "if the portions of the transcript designated by respondent are unnecessary, then the burden of obtaining those portions rests upon respondent." The question being thus presented, we denied respondent's Motion to Dismiss Appeal; however, respondent has neither augmented the record on appeal by filing the trial transcript designated by him, nor attempted to establish its substance pursuant to NRCP 75(c).[5]

1. The use of the phrase "however slight" in instructing the jury with regard to contributory negligence is generally condemned. Annot. Propriety and Prejudicial Effect of Instructions Referring to the Degree or Percentage of Contributory Negligence Necessary to Bar Recovery, 87 A.L.R.2d 1391 (1963); W. Prosser, Law of Torts, § 64 (3d ed. 1964). We agree that this type of instruction is improper.

Whether the phrase refers to the degree of causality, or the degree of negligence, its use is equally offensive. If the phrase

---

responsible to pay for the cost of preparing the transcript. I have advised counsel for the defendant that I will not pay such an expense unless expressly ordered to do so by the Court. I anticipate that the defendant will now file some form of motion so that the District Court can have the opportunity of hearing arguments on this point.

"Since it may be some time before the Court can decide this question, please forward the Record on Appeal as tentatively completed so that my appeal is not put in jeopardy."

[5]"(c) *Form of Testimony.* Testimony of witnesses designated for inclusion need not be in narrative form, but may be in question and answer form. A party may prepare and file with his designation a condensed statement in narrative form of all or part of the testimony, and any other party to the appeal, if dissatisfied with the narrative statement, may require testimony in question and answer form to be substituted for all or part thereof."

refers to the degree of causality, as it seems to here, the jury may be misled to believing recovery is barred even where the negligence of the plaintiff contributed to his injuries only in a remote manner. This is not the law in Nevada. Cox v. L. A. & S. L. Railroad Company, 56 Nev. 472, 487, 56 P.2d 149 (1936). "The law recognizes a difference between proximate cause and remote cause; and in defining contributory negligence excludes the idea of 'remote,' 'indirect' or 'insignificant' causal connection between the negligence and the injury." Huey v. Milligan, 175 N.E.2d 698, 704 (Ind. 1961).

If the phrase refers to the degree of negligence, the jury may be led to believe that the slightest want of care will bar recovery. This, too, is not the law. Negligence is failure to exercise that degree of care in a given situation which a reasonable man under similar circumstances would exercise. Rocky Mt. Produce v. Johnson, 78 Nev. 44, 51, 369 P.2d 198 (1962). The standard of care is that of the ordinary prudent man, not that of extraordinarily prudent man. W. Prosser, supra, § 32. See also Iwrey v. Fowler, 116 N.W.2d 722 (Mich. 1962), and Craig v. Benedictine Sisters Hospital Ass'n, 93 N.W. 669 (Minn. 1903).

2. The respondent, relying on Pfister v. Shelton, 69 Nev. 309, 250 P.2d 239 (1952), asserts that the giving of the offensive instruction must be held to be harmless error because we have before us neither a trial transcript, nor any statement of the evidence prepared in accordance with NRCP 75(c). In most cases, we would undoubtedly agree; for usually, without a trial transcript or a statement of the evidence, the record will contain no substantial indicia that an error in instructing the jury has had a prejudicial effect. However, because of two distinguishing features in the instant case, considered together, we feel constrained to reach a different result.

First, even in *Pfister,* this court examined the partial record before it, to ascertain whether the possibility that the error was harmless could be disregarded as "improbable or remote." 69 Nev., at 311. There it could not be; here the deadlocked deliberations of the jury, their subsequent question with regard to whether "any" negligence would bar recovery by Driscoll, together with their rapid verdict after the court's erroneous response to their query, indicate they felt Erreguible was causally negligent and Driscoll was minimally negligent. Cf. Clark v. State, 222 P.2d 300 (Cal.App. 1950); and People v.

Quicke, 37 Cal.Rptr. 617 (1964). Unquestionably, one who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted. Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968); Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943); 7 J. Moore, Federal Practice, § 61.02, 61.03, 61.11 (2nd ed. 1970). However, in Peterson v. Silver Peak, 37 Nev. 117, 140 P. 519 (1914), we held that where a party may reasonably contend a different result might have been reached, but for the error in question, this burden is met. In the instant case, by the record brought before us, appellant made a prima facie showing of prejudice.

Second, in *Pfister,* there was no question which litigant should suffer because the record did not allow a fully informed judgment. Here, we are necessarily concerned with this issue. Respondent apparently believes NRCP 75 invests the party who prevails in the lower court with an unqualified right to require an appellant to file a full trial transcript. We do not agree. While appellant had the burden of demonstrating prejudice, his counsel had another duty under NRCP 75(e), which provides in material part: "All matter not essential to the decision of the questions presented by the appeal shall be omitted." That rule further provides: "For any infraction of this rule . . . the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require; and costs may be imposed upon offending attorneys or parties." If disputes concerning the parties' respective rights and obligations were not to be subject to discretionary control by the court, NRCP 75(e) could be frustrated, the orderly processes of NRCP 75 would become a weapon of oppression; and it is for such reasons that NRCP 75(o) vests the district court with power to control disputes regarding the parties' obligations.[6]

Appellant's counsel reasonably believed that the transcript was not essential, and proceeded in a reasonable manner to force a determination as to which party should pay for it. To the extent respondent's Motion to Dismiss Appeal raised the issue, our Order denying that motion absolved appellant of any

[6]NRCP 75(o) provides in part: "If a transcript of the testimony is on file the clerk shall transmit that also; otherwise the appellant shall file with the clerk for transmission such transcript of the testimony as he deems necessary for his appeal subject to the right of a respondent either to file additional portions or to procure an order from the district court requiring the appellant to do so."

immediate obligation to pay for the transcript. This threw upon respondent the necessity of deciding whether the partial record designated by appellant made a prima facie showing of prejudice, and, if so, whether he wished to file additional portions of the record himself in an attempt to meet that prima facie showing. Apparently, respondent's counsel had greater faith in the theoretical necessity of a trial transcript to demonstrate prejudice, than he had in the transcript itself.

The appellant having already been aggrieved by an erroneous jury instruction, we are loathe to deny him a proper trial by extending the rule of the *Pfister* case to this one which, although superficially similar, is really quite different. As was said in the concurring opinion in Lee v. Baker, 77 Nev. 462, 471, 366 P.2d 513, 517 (1961): "A trial free from error is more likely to produce a just result than one in which error has occurred."

Reversed and remanded for a new trial.

ZENOFF, C. J., and THOMPSON, J., concur.

BATJER, J., concurring in part and dissenting in part:

I respectfully dissent from that part of the majority opinion which holds that the judgment of the district court should be reversed and the appellant's motion for a new trial should be granted.

I concur in that part of the majority opinion where it found that error had been committed by the district court when it gave the questioned instruction. I also agree with the majority's analysis of the responsibility for supplying an adequate record and their conclusion that the responsibility ultimately rested with the respondent. However, the fixing of this responsibility does not furnish this court with a record that adequately enables us to determine whether the trial court's error was prejudicial or harmless.

In Peterson v. Silver Peak, 37 Nev. 117, 140 P. 519 (1914), this court held that an error complained of is harmless unless it so substantially affects the rights of the complaining party that it could be reasonably claimed that were it not for the error a different result might reasonably have been expected.

In Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968), the majority opinion said: "A judgment cannot be reversed by reason of an erroneous instruction unless upon a consideration of the entire proceedings it shall appear that such error has resulted in a miscarriage of justice. Prejudice is not presumed. (Citations omitted.) If the giving of the

instruction was error, it is harmless because upon considering the entire record, it is not probable that a different result would ensue at a new trial free of the contested instruction. The burden is upon the appellant to show the probability of a different result. (Citations omitted.)

"Furthermore, if the requirements of Rule 61 of the Nevada Rules of Civil Procedure are fulfilled, then there was only harmless error. The standard of Rule 61 is pertinent. Eldorado Club, Inc. v. Graff, supra; Lee v. Baker, supra; Serpa v. Porter, supra. It is taken from the Federal Rules of Civil Procedure so its interpretation there should govern here. It is clear that the doctrine of presumed prejudice has been rejected. 7 J. Moore, Federal Practice § 61.02 (2d ed. 1966), and the presumption of integrity of verdicts in civil cases is the rule. Id. at §§ 61.03, 61.11. 'He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.' Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 482, 87 L.Ed. 645 (1943). The record must be considered as a whole. Jiffy Markets Inc. v. Vogel, 340 F.2d 495 (8th Cir. 1965)."

Without more information than is presently contained in the record, we cannot infer from the facts that the jury was apparently deadlocked before they asked the question; received the erroneous instruction, and then immediately reached a verdict, that a different result might have been reached in the absence of the instruction. The respondent was justified in relying on Pfister v. Shelton, 69 Nev. 309, 250 P.2d 239 (1952). The evidence might indeed have clearly indicated the appellant's negligence, or on the other hand, the respondent's care.

Only if the instruction, under consideration, was in the nature of fundamental error, that is, error inherently prejudicial to the substantive right of the complaining party, and in and of itself possessing a clear capacity to bring about an unjust result, would this court be justified in reversing without an opportunity to review all the evidence.

A careful reading of the majority opinion reveals no finding of such inherent error in the instruction, but only a misplaced reliance on an inference that a different result might have been reached had the error not occurred. The inference is based solely upon the sequence of events surrounding the giving of the instruction. Prejudice cannot be presumed and the presumption of the integrity of verdicts in civil cases must be the rule.

In the light of the forceful language of Truckee-Carson Irr.

Dist. v. Wyatt, supra, and the standard of NRCP 61,[1] I would afford the respondent an opportunity to supplement the record under NRCP 75(h),[2] and enable this court to completely perform its appellate function.

MOWBRAY, J., concurs.

---

[1]NRCP 61: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

[2]NRCP 75(h): (Provides in part): "If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court."