LEE A. POLLARD, Appellant, v. FRANK ROLLA GIBBS and BUTLER CRANE SERVICE, Respondents.

No. 6644

February 23, 1972                    493 P.2d 1317

[Rehearing denied April 5, 1972]

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Leavitt, Edwards & Gladstone,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This appeal, presented without a trial transcript or a narrative statement of the testimony, asks us to set aside a judgment entered upon a jury verdict denying the appellant damages for injuries alleged to have been negligently inflicted. The main claim of error is that the court used the words "however slight" with regard to one of the instructions concerning the defense of contributory negligence—words, the use of which we condemned in Driscoll v. Erreguible, 87 Nev. 97, 482 P.2d 291 (1971). As we noted in *Driscoll,* however, this error does not automatically mandate a reversal, "for usually, without a trial transcript or a statement of the evidence, the record will contain no substantial indicia that an error in instructing the jury has had a prejudicial effect." Id. at 100. We found reversible error in that case because the record revealed the deadlocked deliberations of the jury, its subsequent question in open court whether "any" negligence would bar the plaintiff's recovery, and its rapid verdict following the court's erroneous response—circumstances which are not disclosed in the record now before us. Since a prima facie showing of prejudice is not shown, we must, absent a trial transcript or

a narrative statement of the testimony, deem the offensive instruction to be harmless error. Pfister v. Shelton, 69 Nev. 309, 250 P.2d 239 (1952); NRCP 61. Moreover, we note, as did the district court in denying the appellant's motion for a new trial, that the grounds of objection to the offensive instruction were not expressed as required by NRCP 51. Lathrop v. Smith, 71 Nev. 274, 288 P.2d 212 (1955).

Other claims of error are either without substance or are incapable of appropriate evaluation on the scanty record before us.

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.