An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DUANE LEE LOWE, INDIVIDUALLY; AND THERESE LOWE, INDIVIDUALLY AND AS THE WIFE OF DUANE LEE LOWE,
Appellants,
vs.
CHRISTOPHER MICHAEL AHN, M.D., INDIVIDUALLY; THOMAS L. VATER, D.O., INDIVIDUALLY; THOMAS L. VATER, D.O., LTD., A NEVADA PROFESSIONAL CORPORATION D/B/A VATER SPINE A/K/A VATER SPINE SURGICAL ASSOCIATES,
Respondents.

No. 64464

THOMAS L. VATER. D.O.; AND THOMAS L. VATER, D.O., LTD., A NEVADA PROFESSIONAL CORPORATION D/B/A VATER SPINE A/K/A VATER SPINE SURGICAL ASSOCIATES,
Appellants,
vs.
DUANE LEE LOWE, INDIVIDUALLY; AND THERESE LOWE, INDIVIDUALLY AND AS THE WIFE OF DUANE LEE LOWE,
Respondents.

No. 64563 ✓

**FILED**

JUL 0 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER REGARDING PAYMENT FOR TRANSCRIPTS AND
ORDER TO SHOW CAUSE IN DOCKET NO. 64464;
ORDER DISMISSING APPEAL IN DOCKET NO. 64563*

These are consolidated appeals from a district court judgment on the jury verdict and post-judgment order denying a new trial (Docket No. 64464) and from a post-judgment order denying attorney fees (Docket No. 64563).

14-21480

*Transcripts*

On March 25, 2014, appellants/respondents Duane Lee Lowe and Therese Lowe filed their NRAP 9 transcript request form for Docket No. 64464, which requested the court reporter to transcribe specific portions of the trial testimony and hearing regarding their motion for a new trial. In response, on March 31 and April 3, 2014, respondent Christopher Michael Ahn and respondents/appellants Thomas L. Vater and Thomas L. Vater, D.O., Ltd. filed supplemental requests under NRAP 9(a)(5), seeking to compel the Lowes to request the full trial and post-trial transcripts, exclusive of jury selection proceedings.

The Lowes have now moved this court to require Ahn and the Vater parties to pay for the additionally requested transcripts, asserting that they are not necessary to this court's consideration of this appeal and that, as separate appellants, the Vater parties are required to share the transcript deposit costs under NRAP 9(a)(3)(B). Ahn and the Vater parties oppose the motion, arguing that the transcripts are necessary and that the Lowes are required to pay for them under NRAP 9(a)(5).

NRAP 9(a)(5) provides in pertinent part that "[i]f the parties cannot agree on the transcripts necessary to the Supreme Court's review, and appellant requests only part of the transcript, appellant shall request any additional parts of the transcript that the respondent considers necessary." Thus, under NRAP 9(a)(5), the Lowes are obligated to request all the transcripts that Ahn and the Vater parties believe are necessary for this court's resolution of this appeal in Docket No. 64464, regardless of whether they agree with Ahn's and the Vater parties' assessment. Further, the Lowes are responsible for any additional transcript deposit that may be required and, at least initially, the costs of the transcripts. NRAP 9(a)(4), (a)(5), and (b)(1). Accordingly, the Lowes shall have 11 days from the date of this order to file a supplemental transcript request

 

pertaining to the parts of the transcripts Ahn and the Vater parties consider necessary for this court to consider with respect to the Lowes' appeal in Docket No. 64464; however, that supplemental transcript request shall not include any transcripts related to the post-judgment attorney fees order appealed by the Vater parties in Docket No. 64563. Additionally, for reasons set forth below, the supplemental transcript request shall not include any transcripts concerning the costs issues.

Failure to timely comply with this order may result in the imposition of sanctions, including dismissal of the appeal. NRAP 9(a)(6). Further, if upon consideration of these appeals after briefing, it is discovered that the requested supplemental transcripts were not necessary for this court's review, Ahn and the Vater parties may be subject to sanctions. *See, e.g.*, NRAP 9(a)(4) (providing that appellants must initially pay the costs associated with transcripts); NRAP 30(b) (stating that this court may impose costs upon parties or attorneys who unnecessarily enlarge the appendix); *Beattie v. Thomas*, 99 Nev. 579, 589, 668 P.2d 268, 274-75 (1983); *Driscoll v. Erreguible*, 87 Nev. 97, 482 P.2d 291 (1971). Any motion to reapportion costs associated with the transcripts prepared for these appeals based on the transcripts' necessity should be filed within 30 days of the conclusion of briefing.

*Jurisdiction*

In their motions concerning the transcript requests and in their opening brief, the Lowes assert as one of the issues that they are raising on appeal whether the district court erred in awarding litigation costs to Ahn and the Vater parties. But it appears that the Lowes did not file a notice of appeal challenging the court's costs orders, which are independently appealable. NRAP 3A(b)(8); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The Lowe's November 18, 2013, notice of appeal identifies two orders: the June 14, 2013, judgment and the

November 4, 2013, order denying their motion for a new trial, neither of which addressed costs. The two costs awards challenged in the Lowes' opening brief were both entered in the district court after the Lowe's notice of appeal was filed, one on November 19, 2013, and the other on December 2, 2013. Thus, it appears that the Lowes did not appeal from the costs awards and that we therefore lack jurisdiction to consider those awards.

Accordingly, the Lowes shall have 15 days from the date of this order to show cause why their appeal should not be dismissed for lack of jurisdiction, to the extent that it challenges the costs awards. In responding to this order, the Lowes should submit documentation, including, but not necessarily limited to, points and authorities. We caution the Lowes that failure to demonstrate that this court has jurisdiction may result in this court's dismissal, in part, of this appeal. The briefing schedule in this appeal shall be suspended pending further order of this court. Ahn and the Vater parties may file any reply within five days from the date that the Lowes' response is served.

*Dismissal*

With regard to the Vater parties' appeal in Docket No. 64563, the Vater parties have filed a notice of withdrawal of appeal, which we construe as a motion to voluntarily dismiss. The motion is granted, and the appeal in Docket No. 64563 is dismissed, with all parties to bear their own fees and costs. NRAP 42(b).

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Joanna Kishner, District Judge
John Walter Boyer, Settlement Judge
Law Office of William R. Brenske
Mandelbaum, Ellerton & McBride
John H. Cotton & Associates, Ltd.
Eighth District Court Clerk