JILLEEN MANGERIS, Individually and as Guardian ad Litem of TIMOTHY MANGERIS, TERRY MANGERIS and TRACY MANGERIS, Minors, Appellants, v. TERRY GORDON, Doing Business As VELVET TOUCH MASSAGE SALON; JUDY McWHIRTER; VELVET TOUCH, INC., a Nevada Corporation; HOWARD SENOR, Doing Business As VELVET TOUCH MASSAGE SALON, DOES I and II, Respondents.

No. 9154

July 3, 1978

580 P.2d 481

*Galatz, Earl & Biggar,* and *Michael Kaplan,* Las Vegas, for Appellants.

*Embry, Shaner & Lang, Ltd.,* Las Vegas, for Respondent Terry Gordon, doing business as Velvet Touch Massage Salon.

*George Spizzirri,* Las Vegas, for Respondent Judy McWhirter.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondent Howard Senor, doing business as Velvet Touch Massage Salon, and Velvet Touch, Inc.

## OPINION

*Per Curiam:*

Appellants sought damages for the wrongful death of John Mangeris, allegedly caused by respondent's negligent conduct. Respondents, pursuant to NRCP 12(b), moved to dismiss appellants' complaint on the ground it failed to state a cause of action. The district court granted the requested motion and appellants here contend that dismissal was improper. We disagree.

On December 16, 1974, John Mangeris, a taxi driver for the Whittlesea Cab Company in Las Vegas, drove his passenger, Danny Brimmage, to respondent Velvet Touch Massage Salon. Later the same evening, Mangeris returned to the salon and picked up Brimmage to transport him to another location. Sometime thereafter, Brimmage murdered Mangeris.[1]

On August 28, 1975, Mangeris' wife, individually and as guardian ad litem for her three children, commenced this action seeking damages for loss of the services, comfort, support, and companionship of John Mangeris.

Appellants' third amended complaint alleged, in pertinent part:

X

That on or about December 16, 1974, the Decedent, JOHN MANGERIS, was upon the premises of the VELVET

---

[1]The criminal proceedings which arose from these events are reported in Brimmage v. State, 93 Nev. 434, 567 P.2d 54 (1977).

TOUCH MASSAGE SALON at the invitation of and for a business benefit to the defendants, and each of them.

XI

That at the above stated time and place, defendants and each of them, learned that a patron by the name of DANIEL RAY BRIMMAGE had committed violent criminal acts and was a fugitive from the law.

XII

That on or about December 16, 1974, the defendants, their employees or servants, negligently failed to report to JOHN MANGERIS or the Las Vegas Metropolitan Police Department admitted and sustected [sic] criminal activities of one Daniel Ray Brimmage and said defendants has [sic] reason to fear or be aware that Daniel Ray Brimmage was dangerous to other persons.

XIII

That as a direct and proximate result of the aforesaid negligence of the defendants, and each of them, the decedent, JOHN MANGERIS, was attacked by Daniel Ray Brimmage and was caused to suffer severe and grievous personal injuries which directly and proximately resulted in his death, all of which occurred after the deceased took Daniel Ray Brimmage from the Velvet Touch Massage Salon to another location.

Respondents moved for, and were granted, an order dismissing the complaint on the ground it failed to allege facts sufficient, as a matter of law, to establish that respondents had a duty to warn either Mangeris or the Las Vegas Metropolitan Police Department of Brimmage's criminal conduct.

1.   In urging us to reverse, appellants contend that a special relationship which existed between Mangeris and respondents impressed respondents with a duty to warn Mangeris of Brimmage's criminal conduct.

An indispensable predicate to tort liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured. *See* Turney v. Sullivan, 89 Nev. 554, 516 P.2d 738 (1973). Under the common law, as a general rule, one person owed no duty to control the dangerous conduct of another, nor to warn those endangered by such conduct. *See* Tarasoff v. Regents of University of California, 551 P.2d 334 (Cal. 1976); Rest.2d, Torts (1965) § 314. However, the common law has carved out an exception to this rule in cases where the defendant bears some special relationship to the dangerous person or to the potential victim. *See* Tarasoff v. Regents of University of California, *supra;* Rest.2d, Torts

(1965) § 314A, 315. In such circumstances, the defendant is impressed with a duty to warn foreseeable victims of foreseeable harm. *Cf.* Thomas v. Bokelman, 86 Nev. 10, 462 P.2d 1020 (1970); Tarasoff v. Regents of University of California, *supra.* Applying these principles to the present case, we are unable to conclude that respondents had a duty to warn Mangeris of potential harm. Indeed, even assuming a special relationship existed, an issue which we need not and, therefore, do not here decide, a reasonable person would not, from the facts alleged, foresee a risk that Brimmage would murder Mangeris at a remote time and distant location. Absent the foreseeability of such a risk, respondents had no duty to warn Mangeris of Brimmage's criminal conduct. *Cf.* Thomas v. Bokelman, *supra;* Dillon v. Legg, 441 P.2d 912 (Cal. 1968). *See generally,* Annot., 10 A.L.R.3d 619 (1966).

2.   Appellants, relying on a compounding crimes theory, also allege respondents breached a duty to inform the police of Brimmage's criminal conduct. However, neither the common law nor our compounding crimes statute requires a citizen to report a crime; mere silence is insufficient to establish liability. *See* NRS 199.290; Lancey v. United States, 356 F.2d 407 (9th Cir. 1966); Commonwealth v. Lopes,. 61 N.E.2d 849 (Mass. 1945); *Cf.* NRS 195.030; State v. Michaud, 114 A.2d 352 (Me. 1955); People v. Vath, 347 N.E.2d 813 (Ill.App. 1976).

Accordingly, we perceive no error in the district court decision and the order of dismissal is affirmed.[2]

_____

[2]The Chief Justice designated Hon. David Zenoff, Chief Justice (Retired), to sit in this case. Nev. Const., art. 6, § 19; SCR 244.