Carolyn L. DUCEY, Lois M. Olson,
Helen Gruegel et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 85–2568.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 1987.

Decided Oct. 22, 1987.

Arthur J. Jaffee, Pomona, Cal., for plaintiffs-appellants.

Betsy Handler, Los Angeles, Cal., for defendant-appellee.

Before SKOPIL, FARRIS and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

This is a second appeal of three wrongful death actions under the Federal Tort Claims Act arising from a 1974 flash flood on federal land in southern Nevada. In 1981 the district court held that a Nevada statute, limiting the liability of property owners who allow their property to be used by the public for recreational purposes, protected the United States from liability and dismissed the actions. We reversed. *Ducey v. United States*, 713 F.2d 504 (9th Cir.1983). On remand, the district court found that the flood was not foreseeable and that defendant had no duty to warn decedents and again dismissed the actions. Representatives for decedents appeal claiming that (1) the district court's 1981 decision precluded it from finding that the United States was not negligent; and (2) the district court based its conclusion that the United States was not negligent on clearly erroneous findings of fact.

*1. Law of the Case.*

■ Appellants' first claim of preclusion based on law of the case need not detain us very long. The basis for the district court's 1981 decision was the applicability of Nev.Rev.Stat. § 41.510; the court's statement suggesting that plaintiffs had proven simple negligence was mere dicta. Dicta is not given preclusive effect under the law of the case doctrine in this circuit. *See Russell v. C.I.R.*, 678 F.2d 782, 785 (9th Cir.1982).

*2. Foreseeability and Duty to Warn.*

Appellants claim the government was under a duty to warn recreational users of the flood plain at Eldorado Canyon Resort of the hazards of a major 100–year flood. The court found that the 1974 flood was seven times greater than a 100–year flood, was utterly unforeseeable, and therefore there was no duty to warn.

■ A defendant has a duty to warn foreseeable victims of foreseeable harm. *See Mangeris v. Gordon*, 94 Nev. 400, 580 P.2d 481, 483 (1978). This duty required the government to take the same precautionary measures that a reasonable private landowner would have taken under the same circumstances. *See Driscoll v. Erreguible*, 87 Nev. 97, 482 P.2d 291, 294 (1971). The precautionary measures which the reasonable private landowner would have taken depend on the gravity of the possible harm; greater risks require a greater exercise of care. *See Konig v. Nevada-Cal.-Ore. Ry.*, 36 Nev. 181, 222, 135 P. 141, 156 (1914); *see also* Prosser & Keeton, *The Law of Torts* 171 (5th ed. 1984).

■ The record shows that the government was aware that a life-threatening, 100–year flood was long overdue.[1] From this awareness, it follows that the government foresaw the danger of a 100–year flood. Therefore, the government was under a duty to warn decedents (who were recreational users of the flood plain) of the hazards of a major 100–year flood, and to take the same precautionary measures that a reasonable private landowner would have taken under those circumstances.

*3. Proximate Cause.*

■ When an extraordinary force of nature merely accelerates harm to another which would otherwise have resulted from the actor's negligent conduct, the actor is still liable for the harm. *See Alamo Airways, Inc. v. Benum*, 78 Nev. 384, 374 P.2d 684, 686 (1962) (Act of God defense not available if effect could be avoided by exer-

---

1. In an August 1, 1973 letter, the Superintendent of Lake Mead National Recreation Area stated that "[t]he fact that a major flood has not occurred here in the past 30 or more years is provident. Should such occur while a concession operation exists, those people protesting National Park Service acquisition could, with good reason, cry "dereliction" (ER 136). At an August 11 public meeting the Superintendent said, "Our main concern is not damage from minor floods, but it is the loss of life from a 50–100 year storm that we are mainly concerned about" (ER 199).
At the same meeting, the assistant superintendent said, "There is a continuing concern for human life and public safety at this location" (ER 199) (referring to risk of major flood). Even a government hydrologist (whom the park service had consulted in 1973) concluded that a life-threatening, 100–year flood would strike the canyon in the near future (RT 118, 122, 134).

cise of reasonable care); *see also* 3 Speiser, Krause & Gans, *The American Law of Torts*, § 11:19 (1986). "[T]he test for proximate cause [can] be found in the probable injurious consequences which [are] to be anticipated...." *Drummond v. Mid-west Growers Co-op Corp.*, 91 Nev. 698, 542 P.2d 198, 203 (1975) (citing *Konig v. Nevada–Cal. Ore. Ry.*, 36 Nev. at 214, 135 P. at 153). "Not every intervening cause, or even every negligent intervening cause, acts as a superseding cause absolving the prior negligence." *Id.*

 The government anticipated that a 100–year flood would result in death. While it is possible that the extraordinary size of the 1974 flood was a superseding cause (*i.e.*, an Act of God) making warnings ineffective in preventing the deaths, the government's failure to warn might have been the proximate cause of decedents' deaths if the deaths would nonetheless have occurred in a 100–year flood.

We conclude that the district court was clearly erroneous in finding that there was no duty to warn appellants of a 100–year flood. We, therefore, reverse and remand for further proceedings, including determinations of (1) whether the government gave reasonable warnings of the danger; and, if not, (2) whether such warnings would have prevented the injuries and deaths.

REVERSED and REMANDED.

FARRIS, Circuit Judge, dissenting:

I respectfully dissent.

My sympathy for those lost in the flood and their survivors is not exceeded by the majority. We simply disagree on how many opportunities a plaintiff should have to prove negligence. I would not reverse the district court's finding of fact regarding proximate cause and remand for another trial when the record and the argument on appeal leave no doubt about what happened following our initial remand.

The district court found as a fact that the flood was not foreseeable and that the United States had no duty to warn. The majority does not reverse that finding, but remands for consideration of whether the government issued warnings regarding the 100–year flood that was foreseeable, and if so, whether those warnings would have prevented the loss and injury from the heavier, unforeseeable flood. The time to explore that issue has now passed. Counsel elected not to present evidence regarding that issue at retrial. Instead, he chose to rely on dicta from the initial proceeding where the trial court indicated that the plaintiffs have proven simple negligence in the government's failure to post flash flood warning signs or to develop a system to alert individuals of an approaching flood. The majority treated that issue in its opinion. Having done so, I would affirm. *Browzin v. Catholic University of America*, 527 F.2d 843, 849 n. 10, 850 n. 15 (D.C.Cir.1975) (Ordinarily, a party cannot expect to lose in the district court on one theory, but prevail on appeal under another). To order yet another trial is excessive.