**Mark HALL; et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

**No. 06–15522.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Feb. 8, 2008.

William R. Urga, Esq., Brian C. Wedl, Esq., Melanie A. Ells, Jolley, Urga, Wirth & Woodbury, Las Vegas, NV, Frank H. Tomlinson, Esq., Pritchard, McCall & Jones, Birmingham, AL, Edward W. Cochran, Esq., Shaker Heights, OH, for Plaintiffs–Appellants.

Rimantas Rukstele, Office of the U.S. Attorney, Las Vegas, NV, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, COWEN,* and HAWKINS, Circuit Judges.

* Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

MEMORANDUM **

Appellants Hall et al. appeal dismissal of their Second Amended Complaint with prejudice, denial of their motion for leave to amend, and denial of their motion to alter or amend the judgment. Because their complaint, even liberally construed, fails to state a cause of action under Nevada law, we affirm.

Even assuming a special relationship existed between the government and Perry, no Nevada court has ever recognized a duty to control or warn where there is no *physical* harm. *See Mangeris v. Gordon*, 94 Nev. 400, 580 P.2d 481, 483 (1978) (citing *Tarasoff v. Regents of University of California*, 17 Cal.3d 425, 131 Cal.Rptr. 14, 551 P.2d 334 (Cal.1976), for the proposition that a duty to warn against "dangerous conduct" may exist where "the defendant bears some special relationship to the dangerous person or to the potential victim").

The Restatement (Second) of Torts, which *Mangeris* and *Tarasoff* rely upon, specifically limits duties arising from special relationships to protection against *physical* harm. RESTATEMENT (SECOND) OF TORTS § 314A (1965) (certain special relationships give rise to a duty to protect "against unreasonable risk of *physical* harm"); *id.* § 315 (absent a special relationship there is no duty "to control the conduct of a third person as to prevent him from causing *physical* harm"); *id.* § 319 (duty to exercise reasonable care to control third person arises where a person "takes charge of a third person whom he knows or should know to be likely to cause *bodily* harm to others if not controlled") (emphases added).

Because no amendment to the complaint would allege physical harm, the district court did not err in dismissing the complaint with prejudice. The district court's dismissal is **AFFIRMED**.