Ural KING, aka Ural Lee
King, Petitioner,

v.

G.J. GIURBINO, Warden, Respondent.

No. EDCV 04–1107–R (RC).

United States District Court,
C.D. California.

Feb. 28, 2008.

Ural King, Pro se.

Marvin E. Mizell, Deputy Attorney General, Office of Attorney General of the State of California, San Diego, CA, for Respondent.

## ORDER ADOPTING FIRST REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MANUEL L. REAL, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached First Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the First Report and Recommendation is approved and adopted; (2) the First Report and Recommendation is adopted as the findings of fact and conclusions of law herein; (3) petitioner's request to strike or dismiss Ground Seven is granted; (4) Ground One is found to be procedurally barred, and respondent's motion to dismiss Ground One is granted; (5) Grounds Five and Six are found not to be procedurally barred, and respondent's motion to dismiss Grounds Five and Six is denied; (6) Grounds Three, Ten and Eleven are found not to be cognizable on habeas review, and respondent's motion to dismiss Grounds Three, Ten and Eleven is granted; and (7) respondent shall file an answer addressing the merits of Grounds Two, Four, Five, Six, Eight and Nine, no later than thirty (30) days from the date of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's First Report and Recommendation and Judgment by the United States mail on the parties.

## FIRST REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This First Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On July 3, 2000, in San Bernardino County Superior Court case no. FBA05576, a jury convicted petitioner Ural King, aka Ural Lee King, of one count of possession of ephedrine or pseudoephedrine with intent to manufacture methamphetamine in violation of California Health & Safety Code ("H.S.C.") § 11383(c)(1) (count 2); however, the jury found petitioner not guilty of possession of a controlled substance (methamphetamine) in violation of H.S.C. § 11377(a) (count 3) and could not reach a verdict on a charge of assault with a deadly weapon in violation of California Penal Code ("P.C.") § 245(a) (count 1). Clerk's Transcript ("CT") 52–55, 127–28, 202–04. In a bifurcated proceeding, the trial court found petitioner had suffered three prior strikes within the meaning of P.C. § 1170.12(a)-(d), and petitioner was sentenced under the Three Strikes Law to the total term of 25 years to life. CT 210, 253–55.

The petitioner appealed his convictions and sentence to the California Court of

Appeal, CT 256–61, which affirmed the judgment in an unpublished opinion filed February 7, 2002. Lodgment nos. 2, 16. On March 15, 2002, petitioner, proceeding through counsel, filed a petition for review to the California Supreme Court, which denied the petition on April 17, 2002.[1] Lodgment nos. 3–4.

On April 22, 2003, petitioner filed a habeas corpus petition in the San Bernardino County Superior Court, which denied the petition on June 20, 2003. Lodgment nos. 5–6. On October 7, 2003, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on October 14, 2003. Lodgment nos. 7–8. On October 28, 2003, petitioner, proceeding pro se, filed a habeas corpus petition in the California Supreme Court, which de-

nied the petition on August 25, 2004.[2] Lodgment nos. 9, 14.

After he filed this habeas corpus petition in the California Supreme Court, and while that petition was pending, petitioner attempted four times to file amendments to the petition; but none of the amendments was filed by the Clerk of the Supreme Court, who instead marked the documents as "Received." Lodgment nos. 10–13, 15.

On May 31, 2005, petitioner, again proceeding pro se, filed a second habeas corpus petition in the California Supreme Court, which denied the petition on April 19, 2006, with citations to *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993) and *In re Robbins*, 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998).[3] Lodgment nos. 17–18.

---

1. In his petition for review, petitioner raised four claims: (1) The trial court erred in admitting into evidence "privileged" communications between petitioner and his wife, thus, violating petitioner's Sixth, Eighth and Fourteenth Amendment rights; (2) the trial court misadvised petitioner regarding his right to trial on prior conviction allegations in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and the Sixth Amendment; (3) the trial court abused its discretion in sentencing petitioner as a third striker; and (4) petitioner's sentence under the Three Strikes law is "cruel or unusual" punishment prohibited by the Eighth Amendment. Lodgment no. 3.

2. In his habeas corpus petition to the California Supreme Court, petitioner raised the following claims: (1) Ineffective assistance of trial counsel "during the plea bargain[in]g stages [sic] of trial" in that "petitioner was offered a plea bargain.... Petitioner ask[ed] his trial attorney to ... find[] out the true number of 'strikes' he had, besides the one 'strike' he was charged with in the original information.... [However, trial counsel] failed to conduct a 'through' [sic] and *'independent'* investigation of petitioner['s] prior convictions[.]" Nevertheless, "trial counsel *did* in fact obtain this crucial information from the prosecution ... but failed to convey this information to petitioner untill [sic] *after* the plea bargain had been withdrawn" and

"petitioner was forced to use the erroneous advice from counsel that he only had 1 'strike[,]' "; (2) prosecutorial misconduct in that (a) the prosecutor "intentionally delayed charging petitioner with 'all known' previous convictions, [and] withheld the information regarding the *true* terms of the plea bargain, and the number of 'strikes' petitioner had, during the plea bargaining stage of trial[,]" and (b) the "Prosecution was vindictive in amending the information to add 2 'strikes' "; (3) the "prosecution filed an amended information to add 2 prior convictions ('strikes') *without* leave of the court, after a not guilty plea" by petitioner "[i]n violation of P.C. § 969a and the 14 Amendment"; and (4) the trial court, in violation of P.C. § 969a and the 5th, 6th and 14th Amendments, "fail[ed] to recognize its statutory 'power of discretion' " to strike prior convictions. Lodgment no. 9.

3. The petitioner raised the following claims in his second habeas corpus petition: (1) "the evidence is insufficient to support the conviction as a matter of law, ... [violating] petitioner['s] Fourteenth Amendment Due Process Right"; and (2) ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments due to trial counsel: (a) failing to object to the prosecution amending the information to add two strikes; (b) misleading petitioner to believe he only had one strike; and (c) failing to convey to petitioner a

## II

On September 3, 2004, petitioner, proceeding pro se, filed the pending habeas corpus petition under 28 U.S.C. § 2254, challenging his conviction and sentence on eleven grounds. On January 12, 2005, respondent filed a motion to dismiss the petition, arguing it is a "mixed" petition containing exhausted and unexhausted claims, several claims are not cognizable on habeas review because they do not raise questions of federal law, and one claim is procedurally barred, and on February 7, 2005, petitioner filed an opposition to the motion to dismiss. On March 25, 2005, District Judge Manuel L. Real found the habeas corpus petition was a "mixed" petition, and Judgment was entered dismissing the petition without prejudice.

The petitioner appealed the Judgment to the Ninth Circuit Court of Appeals, which in an unpublished opinion filed March 21, 2007, found this district court "erred in dismissing the petition without first giving [petitioner] 'the choice of exhausting his unexhausted claims by returning to state court, or abandoning those claims and pursuing the remaining exhausted claims in federal court [,]' " as required by *Jefferson v. Budge*, 419 F.3d 1013, 1015 (9th Cir. 2005), and reversed, in part, and remanded the matter to this district court. *King v. Giurbino*, 225 Fed.Appx. 623, 624 (9th Cir. 2007). In reaching its decision, the Court of Appeals specifically found Grounds Five, Six and Seven of the petition were unexhausted since petitioner "never sought leave to amend his state habeas petition, so the California Supreme Court did not consider his [four proposed] amendments." *Id.* On June 14, 2007, the mandate from the Court of Appeals was spread on the record of this district court.

Following remand, respondent filed an amended notice of motion and amended

motion to dismiss the habeas corpus petition, and on October 12, 2007, petitioner filed his opposition to respondent's motion to dismiss and a motion to amend the habeas corpus petition. The respondent has not filed any opposition to petitioner's motion to amend the petition.

The petitioner raises the following claims in the pending habeas corpus petition:

· Ground One—"Court will continue to admit privileged communications between husband and wife";

Ground Two—"Court will continue to misadvise defendants regarding thier [sic] right to trial on prior conviction allegations";

Ground Three—"Court will fail to sentence manifestly unqualified defendants as a[sic] third striker's [sic]";

Ground Four—"It is important to further delineate when a three strike's [sic] punishment constitutes 'cruel and unusual' punishment";

Ground Five—"The evidence is insufficient to support the conviction as a matter of law ... violating petitioner['s] Fourteenth Amend. Due Process Right";

Ground Six—"Trial counsel was ineffective during the plea bargaining stage of trial, [thus,] deny[ing] petitioner his 6th Amendment Right";

Ground Seven—"The [trial] court failed to sua sponte instruct the jury on the essential element of knowledge on the conviction of possession of ephedrine w/intent to manufacture methamphetamine [in] violation of petitioner['s] 14th Amend, [rights]";

Ground Eight—"Ineffective assistance of counsel";

plea offer was still on the table for some period of time after the prosecution allegedly discovered the additional strikes. Lodgment no. 17.

Ground Nine—"Prosecution misconduct and vindictive prosecution";

Ground Ten—"Misconduct on behalf of prosecution filing an amended information, without leave of the Court"; and

Ground Eleven—"Trial court errored [sic]."

## DISCUSSION

### III

■■■■ " 'Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.' " *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir.2007) (citation omitted); *United States v. Bad Marriage*, 439 F.3d 534, 538 (9th Cir.), *cert. denied*, 548 U.S. 916, 126 S.Ct. 2958, 165 L.Ed.2d 973 (2006). "For the law of the case doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Hydrick*, 500 F.3d at 986 (citations and internal brackets and quotation marks omitted); *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007), *pet. for cert. filed*, (Dec. 12, 2007). Exceptions to the law of the case doctrine apply in circumstances where: "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest in-

justice would otherwise result." *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005); *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452–53 (9th Cir. 2000).

Here, this Court previously ruled Grounds Five through Seven of the habeas corpus petition were unexhausted, and the Court of Appeals affirmed this ruling. *King*, 225 Fed.Appx. at 624. However, following this Court's decision, petitioner filed a second habeas corpus petition in the California Supreme Court, raising Grounds Five and Six of the pending federal petition, and the California Supreme Court denied the second petition on April 19, 2006.[4] Lodgment nos. 17–18. Thus, as respondent concedes, Grounds Five and Six are now exhausted, Memorandum of Points and Authorities ("Memo.") at 6:18–20, and the Court declines to apply the law of the case doctrine to these claims since the circumstances have substantially changed. *Ingle*, 408 F.3d at 594; *Lummi Indian Tribe*, 235 F.3d at 452–53. On the other hand, the Court of Appeal's affirmance that Ground Seven is unexhausted remains the law of the case.[5] *Minidoka Irrigation Dist. v. Dep't of the Interior*, 406 F.3d 567, 573–74 (9th Cir.2005); *Lummi Indian Tribe*, 235 F.3d at 453. Nevertheless, petitioner has now filed a motion to dismiss or strike Ground Seven so this Court can consider the merits of his other claims, *see* Opposition at 1:25–27, 2:13–23, and the Court grants petitioner's motion.

---

**4.** This Court has been provided with no evidence demonstrating the Court of Appeals, prior to issuing its Order of Remand in this case, was aware petitioner had filed, and the California Supreme Court had denied, a second habeas corpus petition.

**5.** This Court also suggested in dicta that Grounds Three, Ten and Eleven might not be cognizable federal claims. *See* Order Re Dismissal of Action Without Prejudice at 4:15–22 ("[G]rounds three, ten, and eleven should be dismissed, **if at all**, for failure to state federal

questions, not for failure to exhaust these claims in state court[.]" (citation omitted, emphasis added)). This dicta is not law of the case in this matter. *See Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir.) (" 'A significant corollary to the [law of the case] doctrine is that dicta have no preclusive effect.' " (citation omitted)), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998); *Ducey v. United States*, 830 F.2d 1071, 1072 (9th Cir.1987) ("Dicta is not given preclusive effect under the law of the case doctrine in this circuit.").

Thus, all claims in the amended habeas corpus petition are now exhausted.

## IV

 Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991); *Lee v. Kemna,* 534 U.S. 362, 375, 122 S.Ct. 877, 885, 151 L.Ed.2d 820 (2002); *King v. Lamarque,* 464 F.3d 963, 965 (9th Cir.2006). "[T]he procedural default doctrine is a specific application of the general adequate and independent state grounds doctrine." *Wells v. Maass,* 28 F.3d 1005, 1008 (9th Cir.1994); *Fields v. Calderon,* 125 F.3d 757, 761–62 (9th Cir.1997), *cert. denied,* 523 U.S. 1132, 118 S.Ct. 1826, 140 L.Ed.2d 962 (1998). The procedural default doctrine "bar[s] federal habeas [review] when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman,* 501 U.S. at 729–30, 111 S.Ct. at 2554; *Hanson v. Mahoney,* 433 F.3d 1107, 1113 (9th Cir.), *cert. denied,* 547 U.S. 1180, 126 S.Ct. 2354, 165 L.Ed.2d 282 (2006). A state procedural rule is considered an independent bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma,* 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985); *Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983); *La-Crosse v. Kernan.* 244 F.3d 702, 704 (9th Cir.2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991); *King.* 464 F.3d at 965. "A state ground is independent and adequate only if the last state court to which the petitioner presented the claim 'actually relied' on a state rule that was sufficient to justify the decision." *Carter v. Giurbino,* 385 F.3d 1194, 1197 (9th Cir. 2004), *cert. denied,* 543 U.S. 1190, 125 S.Ct. 1406, 161 L.Ed.2d 196 (2005); *Koerner v. Grigas,* 328 F.3d 1039, 1049–50 (9th Cir. 2003).

 Procedural default is an affirmative defense, *Gray v. Netherland,* 518 U.S. 152, 165–66, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457 (1996); *Insyxiengmay v. Morgan,* 403 F.3d 657, 665 (9th Cir.2005), "and the state has the burden of showing that the default constitutes an adequate and independent ground." *Insyxiengmay,* 403 F.3d at 665–66; *Bennett v. Mueller,* 322 F.3d 573, 585 (9th Cir.), *cert. denied,* 540 U.S. 938, 124 S.Ct. 105, 157 L.Ed.2d 251 (2003). However,

> [o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, ... it is the State who must bear the burden of demonstrating that the bar is applicable.

*Bennett,* 322 F.3d at 586; *King,* 464 F.3d at 966–67.

The respondent contends Ground One is procedurally barred under California's contemporaneous objection rule, due to petitioner's failure to object on due process grounds to the purportedly "privileged" statements he made to his wife, and Grounds Five and Six are procedurally barred due to the California Supreme Court's denial with citations to *Clark* and

*Robbins* of petitioner's second habeas corpus petition raising those claims. The respondent is partly correct.

**Ground One:**

■ The petitioner raised Ground One before the California Supreme Court in a petition for review, which was denied without citation to authority; thus, this Court must consider the reasoning of the California Court of Appeal, the last court to issue a reasoned decision addressing that claim. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991) ("Where there has been one reasoned judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Vansickel v. White,* 166 F.3d 953, 957 (9th Cir.) ("To determine whether [petitioner's] claim was procedurally barred, [the Court] look[s] to the California Court of Appeal's opinion because it is the last reasoned state court opinion."), *cert. denied,* 528 U.S. 965, 120 S.Ct. 400, 145 L.Ed.2d 312 (1999).

Here, the California Court of Appeal found petitioner "failed to object to the admission of the [purportedly privileged] statement based upon grounds of relevance, prejudicial effect or due process grounds. Hence, he has waived these claims on appeal." [6] Lodgment no. 2 at 9. In so holding, the California Court of Appeal relied on a state procedural doctrine that was not interwoven with or dependent on federal law, *Ake,* 470 U.S. at 75, 105 S.Ct. at 1092; *Long,* 463 U.S. at 1040–41, 103 S.Ct. at 3476; *LaCrosse,* 244 F.3d at 704, and which was a "firmly established and regularly followed state practice" prior to petitioner's 2000 trial. *See People v. Alvarez,* 14 Cal.4th 155, 186, 58 Cal.

Rptr.2d 385, 403, 926 P.2d 365 (1996) ("It is, of course, the general rule ... that questions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal." (citations and internal quotation marks omitted)), *cert. denied,* 522 U.S. 829, 118 S.Ct. 94, 139 L.Ed.2d 50 (1997); *People v. Pinholster,* 1 Cal.4th 865, 935, 4 Cal.Rptr.2d 765, 798, 824 P.2d 571 (1992) (same), *cert. denied,* 506 U.S. 921, 113 S.Ct. 338, 121 L.Ed.2d 255 (1992).

■ Since respondent has raised the defense of an independent and adequate state procedural rule, *see Paulino v. Castro,* 371 F.3d 1083, 1093 (9th Cir.2004); *Vansickel,* 166 F.3d at 957–58, the burden now shifts to petitioner to place respondent's affirmative defense in issue. *King,* 464 F.3d at 966–67; *Bennett,* 322 F.3d at 586. "In most circumstances, the best method for petitioners to place the defense in issue is to assert 'specific factual allegations that demonstrate the inadequacy of the state procedure' by citing relevant cases." *King,* 464 F.3d at 967; *Bennett,* 322 F.3d at 586. Yet, here, petitioner cites only one case, *People v. Brown,* 31 Cal.4th 518, 3 Cal.Rptr.3d 145, 73 P.3d 1137 (2003), *cert. denied,* 541 U.S. 1045, 124 S.Ct. 2160, 158 L.Ed.2d 736 (2004), to support his claim that the California courts do not consistently apply the contemporaneous objection rule. *Brown* is inapposite, however, since the California Supreme Court specifically found the defendant had made a contemporaneous objection to the evidence he sought to challenge on appeal. Thus, petitioner has not met his burden to

---

**6.** The petitioner objected at trial to this evidence solely on state law evidentiary grounds, *see* Lodgment no. 2 at 6; Reporter's Transcript ("RT") 199:18–201:21, 213:20–25, which are not due process grounds and are

not cognizable here. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990).

place respondent's affirmative defense in issue,[7] *Ortiz v. Stewart,* 149 F.3d 923, 932 (9th Cir.1998), *cert. denied,* 526 U.S. 1123, 119 S.Ct. 1777, 143 L.Ed.2d 806 (1999), and petitioner has procedurally defaulted Ground One.

■■ When a habeas petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565; *Medley v. Runnels,* 506 F.3d 857, 869 (9th Cir.2007) (en banc). The petitioner has the burden of proving both cause and prejudice. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565. Here, petitioner has not addressed cause and prejudice, and petitioner does not claim a "miscarriage of justice." *See Casey v. Moore,* 386 F.3d 896, 921 n. 27 (9th Cir.2004) ("[T]he fundamental miscarriage of justice exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime and petitioner supplements his constitutional claim with a colorable showing of factual innocence, which [petitioner] has not done."), *cert. denied,* 545 U.S. 1146, 125 S.Ct. 2975, 162 L.Ed.2d 899 (2005); *Custer v. Hill,* 378 F.3d 968, 974 (9th Cir.2004) ("Because [petitioner] is not claiming innocence, [the Court] examine[s] whether he has asserted 'cause' and 'prejudice' to excuse his procedural default." (citation and internal quotation

marks omitted)). Therefore, Ground One is procedurally barred.

**Grounds Five & Six:**

■■ The respondent claims that since petitioner's second habeas petition raising Grounds Five and Six before the California Supreme Court was denied with citations to *Clark* and *Robbins,* these grounds are also procedurally defaulted. The respondent is not correct.

■■ The California Supreme Court's denial of a habeas corpus petition with citations to *Clark* and *Robbins* generally stands for the proposition that the petition was "filed after substantial delay" and is untimely. *King,* 464 F.3d at 965–66. However, the Court of Appeals has recently held that California's timeliness rule is not adequate because it is ambiguous and inconsistently applied. *Id.* at 966 (citing *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir.), *cert. denied,* 519 U.S. 1001, 117 S.Ct. 500, 136 L.Ed.2d 391 (1996)). When respondent raises a defense that has been determined to be inadequate, a habeas petitioner satisfies his burden "by simply challenging the adequacy of the procedure." *King,* 464 F.3d at 967. Here, petitioner has done that in his opposition to respondent's motion to dismiss. *See* Opposition at 2:25–28. The burden then shifts back to respondent to establish that the procedural rule has since become adequate, which respondent has not done. Rather, respondent argues:

> The California Supreme Court has consistently applied the timeliness bar since its decision [in] *In re Clark....* Indeed, in *In re Sanders, ...* the California Supreme Court explicitly stated that it "enforce[s] time limits on the filing of petitions of writs of habeas corpus in

---

7. The petitioner's contention that he did **not** object at trial, Opposition at 4–5, is insufficient to meet petitioner's burden since, as the California Court of Appeal found, petitioner never objected on due process grounds. Lodgment no. 2 at 9; *see* RT 199:18–201:21, 213:20–25.

noncapital cases."[8] ... Thus, the rule has been regularly and consistently applied since 1993. Not a single published decision undercuts the rule's adequacy, and the California Supreme Court has expressly stated that it is enforced. Therefore, the published cases conclusively demonstrate that the timeliness bar is firmly established and regularly followed.

Memo, at 10:3–18 (footnote added).

"Because the California Supreme Court set out to create a rule that would be consistently applied, however, it does not follow that the rule in historical fact has been so applied." *Bennett,* 322 F.3d at 583. "The state supreme court's declaration that it applies the timeliness rule consistently does not *demonstrate* that the rule is applied consistently in practice[,] ... [and a] conclusory statement in Respondent's memorandum is insufficient to satisfy that burden." *Torres v. Curry,* 2007 WL 4259195, *12 (S.D.Cal.2007) (emphasis added). Thus, Grounds Five and Six are not procedurally barred from habeas review.

### V

In conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); *McGuire,* 502 U.S. at 67–68,

112 S.Ct. at 480; *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *see also Dugger v. Adams,* 489 U.S. 401, 409, 109 S.Ct. 1211, 1216–17, 103 L.Ed.2d 435 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."). The respondent, however, contends Grounds Three, Ten and Eleven do not involve questions of federal law and are not cognizable on federal habeas review.

■■■■ To support Ground Three, petitioner cites Exhibit A attached to his petition, which explains petitioner's claim by stating: "[T]he trial court's failure to strike [petitioner's] strike priors in the interests of justice and sentence him as a second striker constitutes an abuse of discretion." Petition, Exh. A at 11–14.[9] However, federal habeas relief is available "only for constitutional violation, not for abuse of discretion." *Williams v. Borg,* 139 F.3d 737, 740 (9th Cir.), *cert. denied,* 525 U.S. 937, 119 S.Ct. 353, 142 L.Ed.2d 292 (1998). Therefore, Ground Three is not cognizable in this habeas corpus proceeding.

■■■■ In Ground Ten,[10] petitioner claims the prosecution filed an amended information without obtaining leave of the trial court in violation of the Fourteenth Amendment and P.C. § 969a,[11] Petition at

---

**8.** *In re Sanders,* 21 Cal.4th 697, 703, 87 Cal. Rptr.2d 899, 903, 981 P.2d 1038 (1999).

**9.** Although petitioner cites several United States Supreme Court cases in raising his abuse of discretion argument—*Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895)—these cases are cited as part of a general discussion of recidivism rather than for any proposition of federal law.

**10.** The petitioner raises a vindictive prosecution claim in Ground Nine of the pending amended petition; thus, Ground Ten cannot also cannot be read to raise a vindictive prosecution claim.

**11.** P.C. § 969a provides:
Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court, and no action of

10 & Exh. B–4 at 12–13, and in Ground Eleven, petitioner claims the trial court failed to exercise the discretion conferred upon it under P.C. § 969a to consider whether to amend the information to charge petitioner with two prior strike offenses in violation of the Fifth, Sixth and Fourteenth Amendments. Petition, Exh. B–4 at 14–15. Thus, the gravamen of Grounds Ten and Eleven is that state law was violated when the information was amended without leave of court. However, "[f]ederal habeas courts lack jurisdiction ... to review state court applications of state procedural rules[,]" *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir.), *cert. denied*, 528 U.S. 845, 120 S.Ct. 117, 145 L.Ed.2d 99 (1999), and petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of [a constitutional right]." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.), *cert. denied*, 522 U.S. 881, 118 S.Ct. 208, 139 L.Ed.2d 144 (1997). Therefore, Grounds Ten and Eleven also are not cognizable in this habeas corpus proceeding.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this First Report and Recommendation; (2) adopting the First Report and Recommendation as the findings of fact and conclusions of law herein; (3) granting petitioner's request to strike or dismiss Ground Seven; (4) finding Ground One as procedurally barred from habeas review, and granting respondent's motion to dismiss Ground One; (5) finding Grounds Five and Six are not procedurally barred from habeas review, and denying respondent's motion to dismiss Grounds Five and Six; (6) finding Grounds Three, Ten and Eleven as not cognizable

on habeas review, and granting respondent's motion to dismiss Grounds Three, Ten and Eleven; and (7) requiring respondent to file an answer addressing the merits of Grounds Two, Four, Five, Six, Eight and Nine, no later than thirty (30) days from the date this First Report and Recommendation is adopted.

the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto.

P.C. § 969a.