Goeke, J., concurring: I agree with the majority’s reasoning on the merits of petitioners’ arguments and accordingly concur in the judgment. I write separately to critique its law of the case doctrine analysis and to discuss the implications of petitioners’ failure to timely challenge the Stone Canyon FPAA. The majority concludes that we may not find that we have jurisdiction over the partnership items in the 2005 notice of deficiency, “because we are bound by what the Court of Appeals for the Ninth Circuit has already decided in this case.” See op. Ct. p. 112. The majority goes on to state: We previously held that we lack jurisdiction over the partnership items that were included in the notice of deficiency at issue here, which, in essence, the Bedrosians ask us to reconsider. But the Court of Appeals already agreed with this Court’s determination that the notice of deficiency was invalid as to the partnership items. As the Court of Appeals put it: “[T]he Tax Court never had jurisdiction over ‘such deficiency in the first place.” * * * [See id.] I do not agree that we are bound by the quoted statement. The law of the case doctrine “ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case.” Moore v. James H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982). “A significant corollary to the doctrine is that dicta have no preclusive effect.” Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990) (citing Ducey v. United States, 830 F.2d 1071, 1072 (9th Cir. 1987). I acknowledge that the Court of Appeals for the Ninth Circuit apparently agreed with our initial decision that we lacked jurisdiction over the partnership items in the 2005 notice of deficiency, but it appears that the statement the majority quotes was dictum. On appeal the Court of Appeals considered three Tax Court opinions: (1) its dismissal for lack of jurisdiction of the Bedrosians’ untimely petition challenging the 2005 FPAA; (2) its partial dismissal of the Bedrosians’ petition challenging the 2005 notice of deficiency; and (3) its dismissal for lack of jurisdiction of the Bedrosians’ petition challenging the 2006 affected items notice of deficiency. The Court of Appeals affirmed opinions (1) and (3) but held that it did not have jurisdiction to review opinion (2), because it was not a “final decision”.[1] See Bedrosian v. Commissioner, 358 Fed. Appx. 868, 870 (9th Cir. 2009), aff’g T.C. Memo. 2007-376. The case before us concerns our jurisdiction over the partnership items in the 2005 notice of deficiency (opinion (2) above). The statement the majority quotes appears in the Court of Appeals’ analysis of our dismissal of the Bedrosians’ petition challenging the 2006 affected items notice (opinion (3) above). The Court of Appeals concluded it could not review opinion (2) but in its analysis of opinion (3) suggested that it agreed with opinion (2). It is not clear whether the Court of Appeals’ statement about opinion (2) was necessary to its holding on opinion (3). Consequently, it is unclear whether the statement precludes us from reconsidering our jurisdiction in this case. The law of the case doctrine typically precludes a court from reexamining an issue it previously decided in the same case. See Moore, 682 F.2d at 833. We previously opined that we had no jurisdiction over the partnership items in the 2005 notice of deficiency. Consequently, the law of the case doctrine already binds us on the basis of our own opinion. I find it unnecessary and incorrect to determine whether it also binds us on the basis of the Court of Appeals’ opinion. Additionally, I find it worth noting that the Court of Appeals’ affirmation of our dismissal of the separate Stone Canyon partnership case (holding that the FPAA was valid and that the petition filed in response to the FPAA was untimely) necessarily means that the partnership proceedings were complete as to partnership items and that the Commissioner was free to proceed to make assessments or determinations regarding affected items. The partnership item adjustments determined in the FPAA became final when the time for filing a petition expired. See sec. 6225. And our dismissal of the partnership proceeding for lack of a timely filed petition prevents us in a partner-level proceeding from upsetting the FPAA adjustments. See sec. 6226(h) (providing that if a petition challenging the adjustments in an FPAA is dismissed, “the decision of the court dismissing the action shall be considered as its decision that the * * * [FPAA] is correct”). As we stated in Tigers Eye Trading, LLC v. Commissioner, 138 T.C. 67, 89 (2012): Under the TEFRA procedures all partnership items, the proper allocation of those partnership items among the partners, and the applicability of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item are determined in a single partnership-level proceeding. Sec. 6226. The determinations of partnership items in partnership-level proceedings are binding on the partners and may not be challenged in subsequent partner-level proceedings. See secs. 6230(c)(4), 7422(h). Paris, J., agrees with this concurring opinion. The Court of Appeals found that because we had only partially dismissed the Bedrosians’ petition challenging the 2005 notice of deficiency, their appeal was interlocutory.