**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY KAY BECKMAN, | No. 13-16324 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00097-JCM-NJK |
| v. | |
| MATCH.COM, LLC, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 20, 2015
Submission Vacated November 3, 2015
Resubmitted for Decision August 30, 2016
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Mary Kay Beckman appeals the district court's order dismissing with

prejudice her complaint against Match.com ("Match"). We have jurisdiction under

28 U.S.C. § 1291, and we affirm and reverse in part.

---

      * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6), and we review for an abuse of discretion the denial of a party's request for leave to amend. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007).

1.     The district court properly concluded that the Communications Decency Act ("CDA"), 47 U.S.C. § 230, barred Beckman's claims for negligent misrepresentation, violation of the Federal Trade Commission Act (unfair trade practices), and putative negligence per se.  The CDA provides that no "interactive computer service [provider] shall be treated as the publisher or speaker of any information provided by" a third-party.  *Id.* § 230(c)(1); *see also Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1105–06 (9th Cir. 2009); *Fair Hous. Council of San Fernando Valley v. Roomates.com, LLC*, 521 F.3d 1157, 1163–64 (9th Cir. 2008) (en banc).  Further, "no [civil] liability may be imposed under any State or local law that is inconsistent" with CDA section (c)(1).  47 U.S.C. § 230(e)(3).  The basis for each of those claims is Match's role as a publisher of third-party information.  Thus, the district court did not abuse its discretion when it determined that amendment of those claims would be futile.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

2.     The district court correctly held that Beckman failed to state a claim for

2

negligent infliction of emotional distress and that amendment would be futile. Under Nevada law, only a "bystander" may bring a claim for negligent infliction of emotional distress. *Schoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995); *Olivero v. Lowe*, 995 P.2d 1023, 1026–27 (Nev. 2000). "Direct victims" of negligence torts may recover for emotional distress as part of their damages award. *Schoen*, 896 P.2d at 477. Accordingly, we affirm the dismissal without leave to amend.

3.     The district court did not have the benefit of our recent opinion in *Doe No. 14 v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016), when it dismissed Beckman's Nevada law failure to warn claim. In *Doe Number 14*, we held that at the pleading stage, the CDA did not preclude a plaintiff from alleging a state law failure to warn claim against a website owner who had obtained information "from an outside source about how third parties targeted and lured victims" through that website platform. *Id.* at 851. Importantly, Doe's claim did not seek to impose liability for the website owner's role as a "publisher or speaker" of third-party content, for its failure to remove that content, or for its failure to monitor third-party content on its website. *Id.*

Nevada law provides that, when a defendant has actual knowledge of a specific harm, that defendant has a duty to warn known, foreseeable victims of

3

known, foreseeable harms. *Ducey v. United States*, 830 F.2d 1071, 1072 (9th Cir. 1987); *Elko Enters., Inc. v. Broyles*, 779 P.2d 961, 964 (Nev. 1989) (per curiam)); *Mangeris v. Gordon*, 580 P.2d 481, 483 (Nev. 1978). At oral argument, Beckman's counsel represented that if granted leave to amend, Beckman could allege that Match had actual knowledge that Ridley had identified and attacked other women using Match's service prior to his attack on Beckman. In light of counsel's representations and *Doe Number 14*, Beckman should have the opportunity to cure the deficiencies in her failure to warn claim, if possible.

We affirm the district court's dismissal of Beckman's negligent misrepresentation, unfair trade practices, negligence per se, and negligent infliction of emotional distress claims. We reverse its dismissal of Beckman's failure to warn claim. On remand, the district court is directed to provide Beckman a reasonable opportunity to amend her complaint.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**